155 So.2d 645 (1963)
William H. FRY, Appellant,
v.
ROBINSON PRINTERS, INC., et al., Appellees.
No. 3673.
District Court of Appeal of Florida. Second District.
July 12, 1963.
Rehearing Denied August 21, 1963.
Gurney, Gurney & Handley, Orlando, for appellant.
Sanders, McEwan, Schwarz & Mims, Orlando, for appellees.
PER CURIAM.
Appellant brought suit against the appellees, Robinson Printers, Inc., and Asher Dewinsky, seeking damages for injuries sustained as a result of being struck by an automobile which was owned by Robinson and operated by Dewinsky. Summary judgment was entered for Robinson and this appeal followed.
Both the appellant, Fry, and the appellee, Dewinsky, were employees of Kacar Standard Station in Maitland. The automobile of Robinson had been left at the service station for minor repairs and servicing. At the time of the accident, Dewinsky was driving the automobile onto a "lift" or "grease rack" and Fry was standing at the end of the "lift," guiding Dewinsky in placing the automobile on it. Upon signal from Fry to stop, Dewinsky says he put his foot on the brake but that it slipped off and hit the "gas pedal." This caused the automobile to lurch forward, jump the safety barrier on the lift, and strike Fry, pinning him against some oil cans.
*646 Appellant asserts that under the so-called "dangerous instrumentality doctrine" Robinson, as owner, is legally responsible for the negligence of Dewinsky in placing the automobile on the lift, but the authorities relied upon do not support the contention. Indeed, we find nothing in the decisions applying the "dangerous instrumentality doctrine" to justify a holding that where an owner leaves his automobile at a service station for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury.
The appellant has failed to demonstrate error and the judgment is affirmed.
KANNER, Acting C.J., and SHANNON, J., and McNATT, JOHN M., Associate Judge, concur.