JOHNSON, Judge.
This is an appeal from a final judgment entered against the appellant and in favor of the appellee by the Circuit Court, Duval County, Florida, said judgment being based upon a jury verdict.
The facts from which this controversy arose appear to be substantially as follows:
Appellant Weekley was engaged in the business of buying and selling used automobiles. Usually after buying a used automobile, Weekley would have it sent or placed on or near the premises of Collins Car Wash, where a free-lance mechanic, by contract as per each automobile, would recondition or make needed repairs to such automobiles. This mechanic was paid by the job and was not under an hourly time wage or any control of Weekley.
Weekley had a contract with Collins’ Car Wash, on a per car basis, to wash and otherwise clean up the used cars for resale.
It was one of these used automobiles which was the instrumentality causing the damages complained of in this case. It seems that on November 9, 1965, Weekley purchased the automobile in question, a Buick stationwagon at auction, in Daytona Beach, and had someone drive the automobile to Jacksonville for the repairs and reconditioning necessary for preparing the same for resale.
There is some dispute as to whether Weekley had actual personal knowledge of the condition of the brakes on the auto or not, but there is no dispute as to the practice of Weekley to have a mechanic make the necessary repairs on these autos. This was a part of the reconditioning of the cars as much as was the cleaning and washing.
*454 There is some testimony to the effect that an employee of Weekley, a man named Ward, whose job it was to clean the interiors of the automobiles, knew the brakes were defective. He used the words “not too good” or the “brakes were low,” and had so advised Ella Ruth Mattox, an employee of Collins Car Wash, who was moving the car into a “wash stall” at the time of the accident. She, Ella Ruth Mattox, testified that when she pulled the car up to get it straight for backing into the stall, the brakes appeared to be all right. As she was backing the car into the wash stall, the appellee herein, was standing against the back wall of the stall and directing the said Ella Ruth Mattox, how to back into the stall. When the car was about two feet from her, the appellee signaled Mattox to stop, but the car did not stop but jammed the appellee against the wall doing the damages complained of. Ella Ruth Mattox testified that when she got the signal to stop, she put on the brakes but they did not hold. This happened on November 10, 1965.
We are not here concerned for the purpose of this opinion with the extent of the injuries nor with the credibility of either witness for either party, as we do not think either has a material bearing on the decision we have reached in this case, as set out herein below.
We do not think that Florida Statutes § 317.611, F.S.A., requiring adequate brakes on automobile operating on the highways, and making a violation thereof prima facie evidence of negligence, as being applicable in the instant case. The automobile was, where it was, partly for repairs, including brake repairs if needed, as well as cleaning up, which we think would preclude the owner from being negligent to that extent. Also, the automobile was not at the time of the accident being operated on the highways.
We are treating the points raised by the appellant, collectively, and are trying to narrow down said points to the real meat thereof, which is: Was the appellant guilty of negligence in permitting the automobile in question to have faulty brakes, and to be operated while in such condition so as to cause the damage complained of?
The jury found the appellant guilty of negligence and assessed damages, but we think a proper application of the law to the facts as brought out by the testimony of all the parties, would have precluded the jury from having an opportunity to render a verdict of its choice. It appears to us that from the evidence the appellee was injured as a result partly of her own carelessness and partly as a result of the negligence of her fellow employee. Ella Ruth Mattox was negligent in moving or driving the automobile for the first time without first ascertaining the condition of the brakes. The evidence is undisputed that she was told, at least, something about bad brakes. She was the employee of Collins Car Wash. By no stretch of the imagination can she be declared to be an agent or employer of the appellant. It would appear to us that in the type of business in which the appellant, the appellee and the free-lance mechanic, Johnson, were each engaged and which, while each was separate and independent of the other, all parties connected therewith should have been put on notice of apparent as well as latent defects in these used automobiles to such an extent that more than ordinary care in the operation of one of these automobiles was called for.
Although under the circumstances in this case, we do not think it material to the decision we reach herein, there is grave doubt as to whether the appellant was actually advised that one of the defects in the auto in question was faulty brakes; but even if he had been so advised, one of the purposes of having the 'auto on or near the premises of Collins Car Wash, was to have all needed repairs made, which included brakes. The contract with the free-lance mechanic Johnson was for just such purpose. There is no evidence as to whether the automobile had been examined by the mechanic before Collins Car Wash took *455 over or not, nor just who did deliver to and instruct Collins Car Wash to take over the auto and wash it. It appears to us that there is a wide void between the appellant’s ownership and the negligent operation of the auto, or any negligence on the part of the appellant for any defects existing in the auto. Mere ownership does not make appellant liable for negligent operation thereof by one employee resulting in injury to another employee of Collins Car Wash.[1] Here we find that Ella Ruth Mat-tox, an employee of Collins Car Wash, had been given some warning at least about the brakes being defective. She says she noticed nothing wrong with the brakes when she drove the auto up to get it straight for backing into the wash stall. She admits that an employee of the appellant, a Mr. Ward, had told her the brakes “were low” or some similar words. However, she says that when she attempted to stop the car upon the signal of the appellee, she applied the brakes and they did not hold. So it would appear to us that having been warned that something was wrong with the brakes, Ella Ruth Mattox, the employee of Collins Car Wash, was negligent in the operation of said car causing the damages to her fellow employee, the appellee herein.
The appellant apparently was not present at any time material to this case, at Collins Car Wash. He had given instructions to have the car placed at the usual place when repairs and reconditioning, and cleaning and washing was to be done. We find nothing to directly attribute negligence to the appellant except his ownership, which we find to be insufficient to sustain this cause of action. (See footnote (1) supra).
There are other points raised by the assignments of error pertaining to other phases of this case, but in view of our decision here that the motion for directed verdict should have been granted, we will not deal with such other points, but by so doing, we do not mean to reflect upon the merits or demerits of such assignments of error.
We do not close the door on the possibility of the appellee being able to furnish additional evidence to connect the appellant into negligence, if such facts exist, and therefore we reverse the judgment appealed from and remand said cause to the lower court for a new trial.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Fry v. Robinson Printers, Inc., 155 So. 2d 645 (Fla.App.2d, 1963), and Petitte v. Welch et al., 167 So.2d 20 (Fla.App.3rd, 1964).