PER CURIAM.
Plaintiffs, Donald and June Comer, appeal an adverse final summary judgment in favor of Merlin, Inc. and its liability insurer in this action for damages for injuries sustained as a result of the negligent operation of a vehicle owned by Merlin. The judgment was entered for the reason that the dangerous instrumentality doctrine is not applicable in this case.
Defendant-appellee, Merlin, Inc., contracted with Rowland Truck Equipment, Inc. to fabricate and mount a truck body to a truck chassis. The actual task of mounting the truck body to the chassis was assigned to Donald E. Comer and defendant Cesar Rodriguez, both employees of Rowland. During this procedure, Comer sustained serious injuries when he was struck by the chassis operated by Rodriguez. Comer and his wife filed a complaint against Rodriguez, Merlin and their liability insurers alleging that Rodriguez was driving the chassis with the consent and permission of its owner, Merlin. Following pretrial discovery, Merlin and its liability insurer moved for summary judgment on the ground that the dangerous instrumentality doctrine is not applicable to the instant case and they are not liable. The motion was heard and the trial judge entered summary judgment in favor of Merlin and its insurer. We affirm.
Our Supreme Court in Florida Power and Light Co. v. Price, 170 So.2d 293, 298 (Fla.1964) has laid out the exception to the dangerous instrumentality doctrine as follows:
“We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter’s employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the *114 defendant owner, the latter will not be held liable. The incidence of the independent contractor and injury to his employee in the course of the performance of the inherently dangerous work absent any negligence on the part of the contracting owner absolves the latter from liability.”
The facts of this case fall squarely within this exception. Cf. Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla. 2d DCA 1963); Petitte v. Welch, 167 So.2d 20 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 598 (Fla.1965); Schaffer v. Government Employees Insurance Co., 280 So.2d 504 (Fla. 2d DCA 1973), cert. denied, 285 So.2d 23 (Fla.1973).
Affirmed.