No. 25,070

G. W. ROGERS, *Appellant,* v. M. M. PRICE, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Injury to Customer Riding on Moving Truck—Negligence of Driver of Truck—Liability of Driver.* The driver of a truck offered to transfer a quantity of household goods for $35 and furnish everything, or to do it for $30 if the owner and his wife would accompany him and help load and unload. The latter part of the offer was accepted and acted upon. It is held that the truckman was liable for a personal injury to his customer resulting from his failure to exercise ordinary care in driving.

2. SAME—*Evidence for Jury.* Evidence sufficient to take to the jury the question whether the upsetting of a truck was due to want of ordinary care of the driver is furnished by testimony that it was loaded with furniture which extended way up above the cab and over the sides about a foot, and that while driving at thirty miles an hour and about to pass a buggy, he swerved out before passing it, and just before he got even with it commenced to dodge, and was going so fast it commenced to rock and went over.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 6, 1924. Reversed.

*W. S. Hyatt,* and *Carl V. Rice,* both of Parsons, for the appellant.
*T. M. Brady,* and *E. L. Burton,* both of Parsons, for the appellee.

The opinion of the court was delivered by

MASON, J.: While M. M. Price, the owner of a motor truck, was hauling a load of household goods of G. W. Rogers and wife from Webb City to Parsons, they accompanying him, the truck turned over. Rogers sued Price on account of injuries to the furniture and to himself. He recovered a judgment on the first item, which is no longer in controversy, but the court refused to submit the claim for personal injury to the jury, and this appeal is taken from that ruling.

1. The petition alleged that the defendant orally agreed that for thirty dollars he would take the defendant and his wife on his truck from Parsons to Webb City and bring them back with their furniture. The plaintiff's evidence was that the defendant upon being asked what he would charge to bring the furniture from Webb City to Parsons, offered to do it for thirty-five dollars and furnish everything, or for thirty dollars if the plaintiff and his wife would go with him and help him load and unload; that the plaintiff accepted the second part of the offer. The trial court held this to be a fatal variance, saying:

"In the petition it was alleged by the plaintiff that the defendant had entered into a contract with them to transfer them from the city of Parsons to the city of Webb City, Missouri, and return, and coming from Webb City was to haul their household goods for the sum of thirty dollars. The proof in this case therefore varied from the allegations of the petition in . . . that after the contract was entered into the plaintiffs went voluntarily, the defendant receiving no compensation whatever for hauling them to Webb City; instead, upon the other hand, the plaintiffs got five dollars for going over there and back. In other words, the testimony discloses that Mr. Price's offer was that he would go over there and haul the goods back from Webb City, Mo., for thirty-five dollars if he furnished somebody to help load and unload, and the plaintiff elected to take his wife along and thereby save five dollars. The variance is such as would preclude a recovery in this case, and along that line there was no evidence that the defendant, Mr. Price, did not use a slight degree of care at least in the handling and management of his automobile. And where somebody gets in your car and rides gratuitously you are not bound to use that degree of diligence and care that otherwise would be required; you must use the slightest degree of care susceptible to the surroundings. So in this case I withdraw from the consideration of the jury the first cause of action."

If the arrangement between the plaintiff and the defendant be treated as involving two contracts, one for the defendant to transfer the goods for thirty-five dollars, and the other for the plaintiff and his wife to accompany the defendant and help load and unload for five dollars, the defendant would be liable to the plaintiff for a personal injury resulting from his want of ordinary care in driving. In that view, the relation of the plaintiff and the defendant would seem to be that of employee and employer. But if the plaintiff is regarded as riding gratuitously—as a guest, for instance —by the weight of authority the defendant was under an obligation to him to exercise ordinary care. (Notes, 20 A. L. R. 1014; Ann. Cas. 1915D 345.) That rule was applied in *Sharp v. Sproat*, 111 Kan. 735, 208 Pac. 613. There the jury were instructed that the driver of an automobile was liable to an invited guest for injuries due to his failure to exercise ordinary care, and a judgment for the plaintiffs was reversed only because of the refusal of an instruction concerning contributory negligence. "The law requires from all persons, including those who render gratuitous services, reasonable care for the safety of life and persons." (*Maybury v. Sivey*, 18 Kan. 291.)

But we do not consider the plaintiff to have been riding gratuitously upon any theory of the facts shown. The contract was en-

Rogers v. Price.

tire. Each party presumably, or at least conceivably, derived a benefit from the plaintiff and his wife accompanying the defendant on the trip. The defendant had the advantage of their presence to render aid in loading and unloading, and they obtained their transfer from Parsons to Webb City and return. (See in this connection *Railway Co. v. Fronk,* 74 Kan. 519, 87 Pac. 698.) In any event their carriage back and forth was specifically provided for in the contract—it was one of the terms of the agreement—and the defendant assumed the obligations owed by a private carrier to passengers for hire.

2. The defendant asserts there was no evidence of the injury having been caused by negligence on his part. The plaintiff gave this testimony, which was abundant to take to the jury the question of actionable negligence:

"Mr. Price drove his car all the way from thirty to thirty-five miles . . . We had five rooms full of furniture on the truck and the load extended way up above the cab. . . . The load extended out over the sides about a foot on each side. When we hit the concrete road he just cut her wide open, passed everything on the road; he outran two Fords. I asked Mr. Price two or three times not to drive so fast, and my wife asked him two or three times. The last time was just on top the hill before we started down the hill, about two miles from Columbus, about one-half mile before we upset. . . . Mr. Price was going about thirty miles an hour just prior to the time of the upset. . . . I saw the buggy about one hundred yards down the road on the left-hand side. Mr. Price was driving down the middle of the road. He swerved out before passing the buggy; just as he got even with the buggy he commenced to dodge, and he was going so fast it commenced to rock and went over."

The judgment denying relief for the personal injury is reversed and the cause is remanded for a trial of that issue.