**PREMIUM CANDIES INCORPORATED
and Malcolm Cecil Lee, Appellants,**

v.

**Wess Lee FLOWERS, Appellee.**

**No. 23206.**

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1967.

Robert P. Gaines and Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellants.

Wilmer H. Mitchell and Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

This is an appeal by the defendants from a judgment entered on a verdict in favor of the plaintiff for personal injuries suffered when an automobile owned by defendant Premium Candies Incorporated and driven by defendant Malcolm Cecil Lee and in which the plaintiff was riding as a passenger ran off the highway at a curve and collided with the end of a culvert. The principal question presented by the appeal is whether there was sufficient evidence of that gross negligence on the part of defendant Lee which is required by the Florida law to support a verdict in favor of a guest passenger, such as the plaintiff. It is also urged that the plaintiff was guilty of contributory negligence which barred his recovery.

The Florida automobile guest statute, sec. 320.59, Florida Statutes Annotated, provides that "the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury". It is accordingly held in Florida that each such case must stand or fall on its own facts, Douglass v. Galvin (Fla.App. 1961), 130 So.2d 282, 283, all the circumstances entering into the particular happening being for the jury to consider in determining the existence of liability. Faircloth v. Hill, Fla., 1956, 85 So.2d 870, 872. We have carefully reviewed the testimony in the present case in the light of the Florida law. No useful purpose would be served to recount it here. It is sufficient to say that while the evidence was conflicting in a number of

* Of the Third Circuit, sitting by designation.

respects there was testimony from which the jury could find, as it did, that defendant Lee was guilty of gross negligence and that the plaintiff was free from contributory negligence.

The judgment of the district court is Affirmed.