346 So.2d 625 (1977)
L.R. BICKLEY and Colonial Penn Insurance Company, Appellants,
v.
Joan Bernard CASTILLO, Appellee.
No. 77-146.
District Court of Appeal of Florida, Third District.
May 31, 1977.
Rehearing Denied June 24, 1977.
*626 Blackwell, Walker, Gray, Powers, Flick & Hoehl and Robert G. Young and Bradford Swing, Miami, for appellants.
Vogler & Postman, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellants, L.R. Bickley and his insurer, Colonial Penn Insurance Company, defendants below, take this interlocutory appeal from a final summary judgment on liability, rendered in favor of appellee, Joan Bernard Castillo, plaintiff below.
Appellant Bickley drove his automobile into a service station for repairs. He was met there by one Vincente Almeida, a mechanic for the service station.[1] Almeida, who spoke little or no English, drove with Bickley to work and then returned the vehicle to the station. Later that morning, Almeida, assuming the vehicle was brought in to correct a prior stalling problem, road-tested the vehicle. In an attempt to simulate the stalling problem, Almeida lost the use of the power brakes, ran a red light at an intersection and struck appellee Castillo's vehicle, causing her injuries and property damage.
After the initial pleadings were filed, which included, inter alia, crossclaims filed by the various defendant-insureds against such other relating to the issue of insurance coverage, the coverage issue was severed from the issue of the various defendants' liability to the plaintiff.
Subsequently, appellee filed a motion for summary judgment against all defendants. Both Bickley and Colonial Penn thereupon filed their motions for summary judgment against appellee, as did other defendants. Summary judgment on the issue of liability was entered in favor of appellee and against all defendants, including appellants, with the exception of Almeida's insurer. This interlocutory appeal follows.
The question to be determined by this appeal is whether the dangerous instrumentality doctrine applies to hold an owner of a vehicle liable for damages to a person injured by said vehicle on the public highway, as a result of the negligent road testing of the vehicle by a garage repairman, who maintained both control and custody over the vehicle. We hold that the above doctrine does not apply, and reverse.
The recent case of Harfred Auto Repairs, Inc. v. Yaxley, 343 So.2d 79 (Fla. 1st DCA 1977) is dispositive of the question. There, the court held that the owner of a vehicle who places his automobile in the custody of a repair shop for repairs, and has no knowledge of or control over the operation of the vehicle during that time, is not liable to a third person for injuries caused by the negligent operation of said vehicle by the repairman, absent negligence on the part of the owner, notwithstanding the fact that the negligent act occurred on the public highway.
The rationale for the above is founded upon the principle that the dangerous instrumentality doctrine as applied to automobiles is grounded exclusively upon respondeat superior (master-servant), and garagemen and mechanics are generally independent contractors. Petitte v. Welch, 167 So.2d 20 (Fla. 3d DCA 1964); Harfred, supra, Annotation, 35 A.L.R.2d 804 (1954).
Accordingly, summary judgment is hereby reversed and the cause is remanded with directions to enter a summary judgment in favor of appellants Bickley and Colonial Penn Insurance Company.
Reversed and remanded with directions.
NOTES
[1] Both Almeida and the service station, G.M. Texaco, and their respective insurers were also defendants below, though not parties to this appeal.