PER CURIAM.
The trial judge directed a verdict for DeMaria, the owner of a vehicle, relying on this court’s opinion in Bickley v. Castillo, 346 So.2d 625 (Fla.3d DCA 1977), approved, Castillo v. Bickley, 363 So.2d 792 (Fla.1978). We reverse.
Under the facts of this case, the vehicle in question was entrusted to a serviceman, not only to deliver it to the repairman’s facility but with the understanding that the repairman could take it home for the night and drive it to his place of business the next day. The accident in question occurred on the way between the repairman’s home and his place of work. Generally, the owner of a motor vehicle is vicariously liable for entrusting same to another for his personal use. Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629 (1920); Greene v. Miller, 102 Fla. 767, 136 So. 532 (1931); Jordan v. Kelson, 299 So.2d 109 (Fla. 4th DCA 1974). The limited exception carved out by this court from this general rule in Bickley v. Castillo, supra, as approved by the Supreme Court of Florida in its opinion in Castillo v. Bickley, supra, does not extend to excluding an owner from liability when he permits his automobile to be used for a personal use incident to having it repaired. We also do not find that the mere fact that the automobile was being transported, in part, for the convenience of the owner is sufficient to take the owner out of the general responsibility for the entrustment of a dangerous instrumentality-
Therefore, the final judgment based on the directed verdict be and the same is hereby reversed and remanded to the trial court for further proceedings.
Reversed and remanded with directions.