**In re GREATER JACKSONVILLE TRANSPORTATION COMPANY, et al., Debtors.**

Bankruptcy No. 93–7744–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 24, 1994.

Mark D. Hildreth, Sarasota, FL, for debtors.

John London Arnold, Jacksonville, FL, for movants Simmie and Sheryl Bowers, Jr.

Sara Kistler, Asst. U.S. Trustee, Tampa, FL.

## ORDER ON AMENDED MOTION FOR RELIEF FROM STAY BY SIMMIE BOWERS, JR. AND SHERYL BOWERS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the second attempt by Greater Jacksonville Transportation Company (Debtor) to achieve rehabilitation under Chapter 11 of the Bankruptcy Code. The present matter under consideration is a Motion for relief from the automatic stay filed by Simmie Bowers, Jr. and Sheryl Bowers (Bowers) who seek relief from the automatic stay for "cause" in order to pursue a personal injury action against the Debtor in the Circuit Court for Duval County, Florida. The Motion is opposed by the Debtor who contends that the Bowers are not entitled to pursue their claim in the state court first because their claim is barred by the Statute of Limitations; and, second, they failed to timely file a proof of claim in this second Chapter 11 case. In addition, although it is not stated in the Motion, counsel for the Debtor contended at the oral argument that whatever claims the Bowers had, have been discharged when this Court entered an Order of Confirmation in the first Chapter 11 case on September 20, 1990.

The facts relevant as appear from the record of both cases are as follows:

At the time relevant, the Debtor was the operator of a taxi cab company in the city of Jacksonville, Florida. One Jimmie Hicks, an employee of the Debtor, was involved in an accident on May 5, 1989 in which the Bowers were injured.

The Debtor's first Chapter 11 case was filed on August 1, 1989. The Schedule of Liabilities submitted by the Debtor did not list the Bowers as creditors. Consequently, the Bowers did not receive a notice in the first Chapter 11 case, neither did they receive the notice of the bar date to file claims. Notwithstanding the Bowers did file a proof of claim but their claim was disallowed on the basis that it was contingent and unliquidated. The Order of Disallowance was never appealed. Although the first Chapter 11 case was confirmed it remained inactive because counsel of record of the Debtor died. Notwithstanding the entry of the Order of Confirmation, the case remained active due to more than 50 objection to claims filed by the Debtor and the Final Decree was not entered closing the case until January 4, 1994.

The second Chapter 11 case was filed on July 19, 1993. The Schedules submitted together with the Petition again failed to schedule the Bowers as creditors. On December 21, 1993, the Debtor filed a Motion to Establish Bar Date. On February 3, 1994, this Court entered an Order and fixed the bar date as March 4, 1994. The order fixing the bar date was mailed out by counsel for the Debtor to all scheduled creditors on February 11, 1994. On April 6, 1994, this Court entered an Order Approving Disclosure Statement which reset the bar date for filing claims to June 6, 1994. On June 4, 1994, or prior to the expiration of the bar date, the

Bowers filed their proof of claim and on June 6, 1994, the Bowers filed their original Motion and sought relief from the automatic stay. On June 9, 1994 this Court entered an Order, ex parte, and denied the Motion on technical grounds, first because the Motion was not accompanied by the required filing fee and, second, for improper service. On July 5, 1994, the Bowers filed their Amended Motion and this is the Motion currently under consideration.

On April 5, 1993, the Debtor filed a Suggestion of Bankruptcy in the civil suit pending in Duval County, Florida. It is without dispute that at the time the accident occurred, the Debtor did not have insurance coverage inasmuch as its Self–Insurance was canceled for failure to furnish the Department of Highway Safety and Motor Vehicles of the State of Florida with an excess insurance policy as a company licensed to do business in the State of Florida. (Exhibit B to the Proof of Claim) The Debtor was granted an extension until May 5, 1989 by the Department to procure insurance, the very date the accident occurred, and it is without dispute that there was no insurance in force on that date.

Basically these are the undisputed facts which, according to the Bowers, warrant lifting of the stay for cause in order to permit them to proceed with their lawsuit against the Debtor in the Circuit Court of Duval County.

It should be pointed out at the outset that the legislative history of § 362(e) leaves no doubt that this Section was not designed to adjudicate any substantive issues. For instance, it is clearly improper to file a counterclaim against the moving party who seeks relief from the stay, especially based largely on unrelated matters. It should be evident from the very compressed time frame within which motions for relief from stay are required to be handled, *H.R. Rep. No. 595, 95th Cong., 1st Sess. 344 (1977)*. In the case of *In re Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977), the court held that a proceeding in which a party seeks relief from the stay is not an assertion of a claim which would give rise to the rights or obligation to assert a counter-

claim. There is no doubt that § 362(e) was never designed to create a forum to litigate substantive issues but merely (1) to determine whether or not a proceeding pending prior to the commencement of a case under Title 11 should be permitted to proceed in a non-bankruptcy forum, or (2) should a party be permitted to commence a proceeding in a non-bankruptcy forum to enforce a pre-petition claim. Next, it should also be pointed out that the burden of proof is on the Debtor on all issues with the exception of the issue of lack of equity in the subject property if relief is sought on the grounds set forth in § 362(g) of the Code.

Applying the foregoing preliminary remarks to the facts involved in this case, it is clear that since the relief sought is for "cause" pursuant to § 362(d)(1), the burden is on the Debtor to defeat the Motion. Considering the Debtor's defenses asserted in its response and also the additional ground urged at the hearing the contention that the moving party has no claim and is barred because its claim was untimely lacks any evidentiary support and it is clear that it was timely filed prior to the expiration of the last bar date. The second contention urged by the Debtor in opposition of the Motion is that the claim is barred by the Statute of Limitations. It cannot be gainsaid that the defense of Statute of Limitations is, by virtue of F.R.C.P. 8(c) as adopted by F.R.B.P. 7008, an affirmative defense and should be asserted in a lawsuit where the substantive rights of the parties are sought to be resolved. The same comments are equally applicable to the defense that the claim has been discharged by the entry of the Order of Confirmation in the first Chapter 11 case since discharge in bankruptcy is also an affirmative defense. One might urge that the only appropriate forum to determine the affect of the Order of Confirmation is the Bankruptcy Court and not State Court and to permit this issue to be litigated in the State Court would unduly burden the Debtor who seeks rehabilitation by requiring the Debtor to engage the services of special counsel to litigate a personal injury action in the State Court which would impair the Debtor's ability to achieve rehabilitation.

Ordinarily the foregoing would suffice as a basis to conclude that the Motion under consideration is well taken and the Bowers should be permitted to complete their personal injury action in the state court unless this Court is willing to accept the proposition urged by the Debtor that this Court should use its equitable power pursuant to § 105 of the Bankruptcy Code and continue the protection of the automatic stay temporarily in order to permit the debtor to devote its entire energy and resources towards achieving rehabilitation under this Chapter. In opposing this proposition the Bowers advance several different theories, all in support of the proposition that their claim arose post-confirmation of the first Chapter 11 thus was not affected by the Order of confirmation.

It cannot be gainsaid that the issue of when a claim arises in bankruptcy is clearly a pure bankruptcy issue and so is the affect of confirmation provided by § 1141 of the Bankruptcy Code. It is equally clear from the foregoing that if in fact this Court determines the bankruptcy issues and concludes that the claim was a pre-petition claim and has been discharged by the entry of the Order of Confirmation, it would be pointless to modify or lift the stay and permit the Bowers to prosecute a personal injury claim against the Debtor after this Court had already determined that they do not have a valid, enforceable claim against the Debtor which would obviously be an unfair imposition not only on the Debtor but also on the Bowers since the state court would have to recognize a determination by this Court that the Bowers do not have a valid, enforceable claim against the Debtor and would be a waste of judicial resources.

■ In light of the foregoing, it is unavoidable to consider the contention advanced by the Bowers that their claim against the Debtor arose after the entry of the Order of Confirmation in the first Chapter 11 case on September 20, 1990. In support of this proposition, the Bowers cite the case of *Matter of M. Frenville Co., Inc.*, 744 F.2d 332 (3d Cir.1984). The reliance on *Frenville* by the Bowers is misplaced. Apart from the fact that there is hardly any reported case, the soundness of which was so severely criticized and rejected by 36 courts, distinguished by 25 courts and questioned by 26 courts, including this one, the facts involved in *Frenville* have no application whatsoever to the operating facts in the present instance. In *Frenville*, the Third Circuit held that the accountants right to be indemnified did not ripen into a chose of action until the suit was filed against the accounting firm and certainly could not have been filed against the Debtor based on the contract for indemnification, both of which occurred post-confirmation. The case of *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198 (4th Cir.1988) is far more persuasive. In this case the Court of Appeals for the Fourth Circuit held that even though the injury from use of a Dalkon Shield was not manifested until after the commencement of the case, the act constituting the tort occurred before the commencement of the case thus was protected by the automatic stay. In the recent case of *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy.S.D. 1994) Judge Mark for the Southern District of Florida held that the aircraft manufactured by Piper which crashed post-petition gave rise to a pre-petition claim. It is undisputed that in the present instance the accident occurred on May 5, 1989, or approximately three months prior to the commencement of the first Chapter 11 case and that is the date on which the claim of Bowers arose.

Based on the foregoing, this Court is satisfied that the claim is a pre-petition claim unless this Court accepts the argument of counsel for Bowers that under applicable state law the Bowers' claim did not arise until the Bowers obtained a judgment against the tort feasor, the driver of the cab, Jimmie Hicks. This argument is based on the proposition that under Fla.Stat. § 627.-4136, no action can be maintained against an insurance company unless the injured person first obtains a judgment against the insured, in this instance the tort feasor. The fallacy of this argument should be evident when one considers the undisputed fact that at the time the accident occurred there was no valid insurance in force. Thus, the provisions of the Statute clearly cannot apply and the prohibition to proceed against the insurance

company was academic since any action by the Bowers against the insurance company could have been nothing more than an exercise in futility. There is nothing in this Statute which prohibited the Bowers to institute an action for damages against the Debtor itself based on the long established principle of vicarious liability placed on owners of automobiles established by the Supreme Court of Florida as early as 1931 in the cases of *Herr v. Butler, et al.*, 101 Fla. 1125, 132 So. 815 (1931) and *Greene v. Miller*, 102 Fla. 767, 136 So. 532 (1931). Neither was there anything as the result of the pendency of the Chapter 11 case which prevented the Bowers to proceed in the State Court and sue the Debtors. As noted earlier, the accident occurred on May 5, 1989, and the first Chapter 11 was not filed until four months later during which time there was no automatic stay in operation. Next, the contention of the Bowers that they could not proceed against the Debtor because of the prohibition of the automatic stay even after the entry of the Order of Confirmation is equally without merit. The fact that the final decree in this particular instance was not entered until January 26, 1994, or after the second Chapter 11 case was filed, is of no consequence. This is so because the entry of a final decree in a Chapter 11 case is nothing more than an administrative act closing the Chapter 11 case and was never designed to establish or determine anyone's substantive rights whose rights already have been established in a Chapter 11 case by the entry of the Order of Confirmation. The entry of the Order of Confirmation operates as a discharge of all claims which arose before the date of the Order of Confirmation whether or not a proof of claim was filed or deemed to have been filed, whether or not such claim was allowed or the holder of such claim accepts the plan. § 1141(d)(1)(A)(i), (ii), (iii).

Be that as it may, it is clear that there was no automatic stay in effect between the entry of the Order of Confirmation in the first Chapter 11 case entered on September 20, 1990 and July 19, 1993 when the second Chapter 11 case was filed.

This Chapter 11 was filed on July 19, 1993, or over a year ago. The Debtor already filed its Disclosure Statement and its Plan of Reorganization. Thus the resolution of this Chapter 11 is close. Either the Debtor will obtain confirmation of its Plan or the Chapter 11 case will be dismissed or possibly converted to a Chapter 7 case. This Court is in the position to deal with the legal issues without delay which might resolve the defenses against the claim of the Bowers asserted by the Debtor and, if not, may resolve the claim by way of the estimation process permitted by § 502(c) of the Code.

Based on the foregoing, this Court is satisfied the it is proper to keep the protection of the automatic stay in force pending the resolution of this Chapter 11 case.

For the reasons stated while it is proper to raise these as defenses in connection with an objection to the claim filed by the Bowers, this Court is satisfied that it is procedurally improper to raise the defense of Statute of Limitations in the context of stay litigation, and without deciding whether or not the claim has or has not been discharged by the Order of Confirmation in the first Chapter 11 case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by Simmie Bowers, Jr. and Sheryl Bowers be, and the same is hereby, denied.

DONE AND ORDERED.