167 So.2d 20 (1964)
Emil PETITTE, Appellant,
v.
John P. WELCH and Frank Forgione, Appellees.
No. 63-907.
District Court of Appeal of Florida. Third District.
September 1, 1964.
Tobin, Rubin & Salmon, Miami, for appellant.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The plaintiff appeals a final judgment on an order dismissing his complaint as to one of two defendants. The defendant Welch was the owner of the car which injured the plaintiff and is the appellee here. The complaint alleges, (1) the defendant Welch owned an automobile which he left in the possession of the operator of a service station; *21 (2) while the automobile was in the possession of the service station operator, it was driven on the premises of the service station by a third person (whose relationship to the service station operator was not alleged); (3) as the result of a negligent operation of the automobile the plaintiff was injured. The defendant, owner, moved to dismiss the complaint for failure to state a cause of action. The motion was granted and this appeal resulted.
The appellant argues the broad proposition that the dangerous instrumentality doctrine ought not be limited to the operation of an automobile on the public highways of this State. Such a holding would be contrary to the express statement of the Supreme Court in many decided cases.[1] In particular such a holding under the circumstances of this case would be contrary to that of the District Court of Appeal, Second District in Fry v. Robinson Printers, Inc., Fla.App. 1963, 155 So.2d 645.[2]
Although it might be possible to distinguish the present case from the Fry case in that in the Fry case the car was actually in the process of being serviced and in the present case the allegation is that it was being operated, we do not think the difference justifies a distinction.
The appellant has pointed out that § 51.12, Fla. Stat., F.S.A., provides that as to "Pleadings of the Plaintiff" the element of liability to the owner for negligence of a driver, it is sufficient to allege the operation of the driver and the name of the owner, without the necessity of alleging the relationship existing between the owner and its driver.[3]
We have examined this section and find that it does not enlarge the basis of the owner's responsibility for the operation of his automobile but limits the pleadings necessary in cases where the law now provides damages for the negligent operation *22 of the automobile by a person other than the owner thereof. It will be noted that in the instant complaint the plaintiff does not allege simply the operation of the motor vehicle by a person other than the owner, but sets forth affirmatively that the automobile was in the possession of the service station operator.
The dangerous instrumentality doctrine as applied to automobiles in Florida has always been grounded exclusively upon respondeat superior. Weber v. Porco, Fla. 1958, 100 So.2d 146. The complaint in the present instance affirmatively shows that the automobile was not being operated by an agent or servant of the defendant, owner, but on the contrary that it was being operated by a person under the direction and control of the filling station operator. We hold therefore that the complaint failed to state a cause of action against the owner.
Affirmed.
NOTES
[1] Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353.
[2] Appellant asserts that under the so-called "dangerous instrumentality doctrine" Robinson, as owner, is legally responsible for the negligence of Dewinsky in placing the automobile on the lift, but the authorities relied upon do not support the contention. Indeed, we find nothing in the decisions applying the "dangerous instrumentality doctrine" to justify a holding that where an owner leaves his automobile at a service for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury."
[3] Sect. 51.12 Fla. Stat., F.S.A. "Complaint; negligent operation of vehicle by person other than owner. In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof, with respect to the element of liability of such owner for any such negligence of such driver of said vehicle, it shall be sufficient in the complaint filed in such action to allege operation of said vehicle by the driver thereof and the name of the owner thereof, without the necessity of alleging the legal relationship existing between such owner and driver or any other averments of fact related to authority or consent of such owner with respect to the operation of said motor vehicle by the driver thereof. In any such action, should the owner of any such motor vehicle desire to urge as a defense therein a denial of liability for the alleged negligent acts of any such driver in the latter's operation of said vehicle, such defense shall be set forth in the answer particularly alleging the facts upon which said owner relies for his denial of liability for such acts of said driver. Upon trial of any such action, the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in the answer."