SWANN, Judge.
This is an appeal by the plaintiff from a summary final judgment in favor of the defendant, Miami Air Conditioning Company, involving an automobile accident personal injury case.
The defendant, Earnest Wilcox, was an employee of the defendant, Miami Air *748 Conditioning Company, who was the owner of a truck which Earnest Wilcox was driving at the time of the accident. The company denied that it had entrusted the vehicle to Wilcox and denied that Wilcox was performing any service for the company at the time of the accident. The lower court agreed, and entered a summary final judgment for the defendant, Miami Air Conditioning Company.
Earnest Wilcox, on a Sunday morning, went to the company plant; took the keys to a company truck from under the floor mat, and drove it to the home of a fellow employee, Biggs, in order to do some yard work for Biggs. The truck was not used to carry any equipment to the home of Biggs as Wilcox used the tools of Biggs in doing the yard work. Wilcox did not have a car nor did he have the keys to any company truck. There was no showing of any company policy authorizing the use of the vehicle by Wilcox.
Biggs was a mechanic and fellow employee without any authority respecting the use of company vehicles.
Wilcox had worked for the company for approximately 2 months and the first week he was there Biggs had acquiesced in Wilcox using a truck. This was the only evidence of any prior permission, or acquiescence by anyone, for Wilcox to use the truck.
There was no showing that Biggs or any other person in the company had given him permission to use the truck on the day of the accident.
Wilcox worked in Biggs’ yard until about S :00 o’clock, but never saw Biggs or his wife, as they were not home.
At about 8:30 P.M., Wilcox was involved in an accident with the plaintiff, while driving the truck. There was no explanation as to what Wilcox did from 5:00 o’clock until 8:30 P.M., the time of the accident.
The law does not impose liability upon the owner of a vehicle when it is being used without the owner’s consent, express or implied, at the time the motor vehicle is involved in an accident. Fideli v. Colson, Fla.App.1964, 165 So.2d 794; Keller v. Florida Power & Light Company, Fla.App. 1963, 156 So.2d 775.
The depositions, pleadings, and affidavits on file conclusively show that Wilcox never had the consent of the owner, express or implied, to use the motor vehicle on the day of the accident.
Affirmed.