185 So.2d 522 (1966)
Henry PATRICK, Appellant,
v.
FAIRCLOTH BUICK COMPANY, a Florida Corporation, Sally Smith, and Virginia Massaro, As Administratrix of the Estate of Joseph Massaro, Deceased, Appellees.
No. 5960.
District Court of Appeal of Florida. Second District.
April 20, 1966.
J.A. McClain, Jr., of McClain, Thompson, Turbiville & White, E.B. Rood, Tittsworth & Tittsworth, Tampa, for appellant.
James E. Thompson, of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellee Virginia Massaro, as administratrix.
ALLEN, Chief Judge.
This is an appeal by the plaintiff-appellant in a personal injury action from an order granting summary judgment in favor of defendant Massaro. Massaro died following the commencement of the suit, and his wife, as Administratrix of his estate, was made a party.
On October 1, 1962, Joseph Massaro was the owner of a Buick automobile. His wife, Virginia Massaro, took this automobile to the defendant, Faircloth Buick Company, for service. After arriving at the Buick garage, Mrs. Massaro requested that someone ride with her to her home in order to bring the Buick automobile back to the Buick garage for service. Sally Smith, an employee of defendant Buick company, was instructed by the company to ride home with Mrs. Massaro and then drive the car back to Faircloth Buick Company.
Upon returning, Sally Smith drove the car into the Faircloth building through a doorway, leaving the public street and sidewalk and going onto the company's private property. The plaintiff was inside the building and yeas struck by the car.
Appellant contends summary judgment was improper, arguing that appellee was not entitled to judgment as a matter of law. The trial court, in granting defendant-owner's motion for summary judgment, held the owner not liable.
Appellant's case is bottomed on the dangerous instrumentality doctrine. He cites Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, which case holds an owner of an automobile is responsible for the manner in which it is *523 used, if it is used by anyone with his knowledge and consent. Appellant contends that this doctrine exceeds the scope of respondeat superior, and extends liability to an owner for any use except theft or "a breach of custody amounting to a species of conversion," citing Leonard v. Susco Car Rental System of Florida, Fla.App. 1958, 103 So.2d 243, aff'd Fla. 1959, 112 So.2d 832. Thus, the appellant argues that since there was voluntary relinquishment of custody, the owner cannot escape liability.
Fry v. Robinson Printers, Inc., Fla.App. 1963, 155 So.2d 645, was an action by a service station employee against the owner of an automobile for injuries sustained as a result of being struck by the automobile while being operated by another service station employee. In our opinion we stated:
"Both the appellant, Fry, and the appellee, Dewinsky, were employees of Kacar Standard Station in Maitland. The automobile of Robinson had been left at the service station for minor repairs and servicing. At the time of the accident, Dewinsky was driving the automobile onto a `lift' or `grease rack' and Fry was standing at the end of the `lift,' guiding Dewinsky in placing the automobile on it. Upon signal from Fry to stop, Dewinsky says he put his foot on the brake but that it slipped off and hit the `gas pedal.' This cause the automobile to lurch forward, jump the safety barrier on the lift, and strike Fry, pinning him against some oil cans.
"Appellant asserts that under the so-called `dangerous instrumentality doctrine' Robinson, as owner, is legally responsible for the negligence of Dewinsky in placing the automobile on the lift, but the authorities relied upon do not support the contention. Indeed, we find nothing in the decisions applying the `dangerous instrumentality doctrine' to justify a holding that where an owner leaves his automobile at a service station for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury.
"The appellant has failed to demonstrate error and the judgment is affirmed."
In Florida Power and Light Co. v. Price, Fla. 1964, 170 So.2d 293, the Supreme Court quashed a decision of this court and held that liability flowing from operation of doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception of independent contractors. The Court, in its opinion, page 298, states:
"It may well be that said doctrines (dangerous instrumentality and inherently dangerous work) apply without exception to third party members of the public, but we do not believe they apply without exception under all circumstances where an independent contractor and his employees are involved, absent any allegation or showing of an act of negligence or omission of duty or proper care on the part of a defendant engaged in a hazardous occupation who has contracted with the independent contractor to perform inherently dangerous work.
"Inasmuch as the appellate courts of this state, including this Court, have recognized said exceptions to said doctrines, we must disallow Respondent's contentions that said doctrines override all exceptions to the contrary in this case. As in earlier cases, it is difficult to state the exception or exceptions to said rules with overall particularity, the reason being that each case presents its own peculiar factual situation and the best that may be done is to eschew a blanket rule which allows no exceptions and permit the latitude of recognizing exceptions, as the trial judge proceeded to do below.
"We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous *524 work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter's employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the defendant owner, the latter will not be held liable. The incidence of the independent contractor and injury to his employee in the course of the performance of the inherently dangerous work absent any negligence on the part of the contracting owner absolves the latter from liability. This exception, as stated, although not expressly spelled out in prior appellate decisions, is gleaned from the decisions cited."
In Florida Power and Light Co. v. Price, supra, as well as in our own case of Fry v. Robinson Printers, Inc., supra, the injured parties were fellow-servants, while in the instant case the injured party was not a fellow-servant.
In Florida Power and Light Co. v. Price, supra, the Per Curiam opinion noted that the various exceptions mentioned in the opinion, as to liability under the dangerous instrumentality law, would not be applicable where members of the general public were injured since they are not embraced in the relationship created by the independent contract.
In Petitte v. Welch, Fla.App. 1964, 167 So.2d 20, the Third District Court of Appeal affirmed the trial court in an action brought against an automobile owner and another to recover for an injury to plaintiff, allegedly as a result of negligent operation of the automobile. The circuit court had dismissed the complaint as to the defendant-owner and the plaintiff appealed. The District Court held that the complaint failed to state a cause of action against the defendant-owner since it affirmatively showed that at the time of the injury to the plaintiff the automobile, which had been left by the owner in the possession of a service station operator, was being operated by a third person under the direction and control of the service station operator and not by an agent or servant of the defendant-owner.
The court, in an opinion by Judge Pearson, stated:
"The appellant argues the broad proposition that the dangerous instrumentality doctrine ought not be limited to the operation of an automobile on the public highways of this State. Such a holding would be contrary to the express statement of the Supreme Court in many decided cases. [Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353.] In particular such a holding under the circumstances of this case would be contrary to that of the District Court of Appeal, Second District in Fry v. Robinson Printers, Inc., Fla.App. 1963, 155 So.2d 645.
"* * *
"The dangerous instrumentality doctrine as applied to automobiles in Florida has always been grounded exclusively upon respondeat superior. Weber v. Porco, Fla. 1958, 100 So.2d 146. The complaint in the present instance affirmatively shows that the automobile was not being operated by an agent or servant of the defendant, owner, but on the contrary that it was being operated by a person under the direction and control of the filling station operator. We hold therefore that the complaint failed to state a cause of action against the owner."
In the case sub judice the automobile was brought to the premises of the Faircloth Buick Company by the wife of the owner, who in turn requested that someone of the Faircloth Buick Company ride with her back to her home and bring the automobile *525 back to the Faircloth Buick Company for servicing. The plaintiff-appellant was injured after the employee of the Faircloth Buick Company had driven the car off of the public highway into the premises of the Faircloth Buick Company and into the building of the said company. This company was an independent contractor and the plaintiff was injured on its premises.
We hold, under the facts of this case, that the owner of the automobile was not liable through the dangerous instrumentality rule.
Affirmed.
PIERCE, J., and LOVE, WILLIAM K., Associate Judge, concur.