299 So.2d 109 (1974)
Virginia Winchester JORDAN et al., Appellants,
v.
Stanley L. KELSON et al., Appellees.
Nos. 73-652 and 73-653.
District Court of Appeal of Florida, Fourth District.
July 26, 1974.
Rehearing Denied September 12, 1974.
*110 Larry A. Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
George P. Supran, Jones, Paine & Foster, West Palm Beach, for appellee-Kelson.
John B. Ostrow, Huebner, Shaw & Bunnell, Fort Lauderdale, for appellee-Allstate.
CROSS, Judge.
Appellants-plaintiffs, Virginia Winchester Jordan, Bruce Jordan, a minor, by and through his father and next friend, Ernest Jordan, and Ernest Jordan, individually, appeal a final judgment entered in favor of the appellees-defendants, Stanley L. Kelson and Welthy M. Kelson, in a cause of action seeking damages resulting from an automobile accident. We reverse.
Defendants, Stanley L. Kelson and Welthy M. Kelson, were owners of a 1969 Chevrolet. On the morning of July 12, 1972, Mrs. Kelson delivered the automobile to Cornell and Sons Automobile Repair Shop for repairs. That evening, after repairs had been completed, defendant Daniel Cornell called Mrs. Kelson and advised her that the car could be picked up. When Mrs. Kelson indicated that it would be difficult for her to come to the repair shop to get the automobile, Cornell agreed to deliver the vehicle to Mrs. Kelson at her home. While en route to the Kelson residence, Cornell, driving the Kelson automobile, was involved in an accident with an automobile owned by plaintiff, Ernest Jordan. The occupants of the Jordan vehicle, Virginia Winchester Jordan and her son, Bruce Jordan, suffered various injuries from the collision.
Subsequently, suit was filed by the plaintiffs against the defendants, Carl Cornell and Daniel Cornell, a partnership doing business as Cornell and Son; Stanley L. Kelson and his wife, Welthy M. Kelson; and Allstate Insurance Company, the Kelson's insurer. Various pretrial motions were made and depositions taken. The defendants Kelson and Allstate Insurance Company each moved for a summary judgment. The trial court granted the motions and entered summary final judgment in favor of the Kelsons and Allstate Insurance Company. This appeal then followed.
The question submitted for our determination in this appeal is whether the trial court erred in entering summary final judgments in favor of the Kelsons and Allstate Insurance Company determining that an owner of a motor vehicle is not liable for damages to a third party arising out of the negligent operation of the vehicle on a public highway by an automobile repair shop employee.
It is a well established doctrine in Florida that a motor vehicle when operated on a public highway is to be regarded as a dangerous instrumentality. The owner of a motor vehicle who allows another *111 to operate said motor vehicle with the owner's knowledge and consent, implied or express, is liable for an injury to a third person occurring on a public highway as a result of the operator's negligence. This form of vicarious liability is not based on respondeat superior or an agency conception, but on the practical fact that the owner of an instrumentality which had the capability of causing death or destruction should in justice answer for misuse of this instrumentality by anyone operating it with his knowledge and consent. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920).
Accordingly, the summary final judgments entered in favor of the defendants Kelson and Allstate Insurance Company are reversed and the cause remanded to the trial court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MAGER, J., and SMITH, D.C., Associate Judge, concur.