343 So.2d 79 (1977)
HARFRED AUTO IMPORTS, INC., a Florida Corporation and Hartford Accident and Indemnity Company, an Insurance Corporation, Appellants,
v.
Richard YAXLEY, Sr., et al., Appellees.
No. BB-146.
District Court of Appeal of Florida, First District.
March 3, 1977.
Rehearing Denied March 30, 1977.
Richard T. Jones of Jones & Langdon, R. Franklin Ritch, of Ritch & Graves, Gainesville, for appellants.
*80 James S. Quincey, Gainesville, William M. Howell and Robert L. Cowles, of Howell, Howell, Liles & Braddock, Jacksonville, Louisa Smith, of Adam, Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellees.
McCORD, Judge.
This is an appeal from a final judgment against appellants (defendants) Harfred Auto Imports, Inc., (hereafter called Harfred) and Hartford Accident and Indemnity Company (hereafter called Hartford) and appellees (defendants) James Paul Crown, individually and as partner d/b/a Crown-Owen Fleet Service (hereafter called Crown-Owen) and Security Insurance Company (hereafter called Security) and in favor of appellees (plaintiffs) Richard Yaxley, Sr., and Dorothy Yaxley, his wife. Appellants (Harfred and its insurance carrier, Hartford) contend they are not liable for damages to the Yaxleys which resulted from a collision between the Yaxleys' automobile and an automobile owned by appellant Harfred and driven by a partner of appellee Crown-Owen, because at the time of the accident, Crown-Owen, as an independent contractor, had the automobile in its possession and control to make repairs upon it. We agree and reverse.
Harfred is an automobile dealer in new and used cars. The car involved in this accident was taken by Harfred in trade and was inoperable, it having been towed to its place of business. Crown-Owen serviced automobiles for both automobile dealerships and general businesses. Harfred had the car towed to Crown-Owen's place of business to get it running so it could be shown on the used car lot. After putting the engine in running condition, Mr. Crown drove the car on the public thoroughfares to road test it and to take his partner, Mr. Owen, to another place of business to repair a vehicle there. While on this joint mission, Crown approached a stop sign and applied the brakes, but they did not hold and the car slid through the stop sign coming to rest in a lane of traffic in which the Yaxleys were traveling. The Yaxley vehicle struck the Harfred vehicle being driven by Crown, and Mrs. Yaxley sustained injuries. The record does not show that either Harfred or Crown-Owen had knowledge of the defective brakes.
Prior to trial, the court entered summary final judgment in favor of appellants Harfred and Hartford, but thereafter entered an order quashing the judgment because it found that the two cases relied upon were not controlling  Patrick v. Faircloth Buick Company, 185 So.2d 522 (Fla. 2 DCA 1966), and Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla. 2 DCA 1963). These two cases are exceptions to the dangerous instrumentality doctrine, involving accidents on the premises of an alleged independent contractor. The trial court considered that the accident in the case sub judice did not fall within the ambit of the two cases because it occurred on the public highways.
Subsequently, on trial of the case, the court denied appellant's motions for directed verdict made at the close of the plaintiffs' case and again at the end of the defendants' case. Appellants contend that the trial court erred in quashing the summary final judgment previously entered in their favor; in refusing to grant appellants' motions for directed verdict and in refusing to give appellants' requested Standard Jury Instruction 3.3(b) regarding an independent contractor. Appellants also contend the trial court erred in dismissing their cross-claim against Crown-Owen, but that point is moot in view of the ruling which we here make. The central determinative question on this appeal is whether or not appellants are liable to the Yaxleys under the dangerous instrumentality doctrine. It is our ruling that they are not.
In Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629 (1920), the Supreme Court originally applied the dangerous instrumentality doctrine to automobiles. There, the doctrine was grounded upon respondeat superior  the master servant relationship. In Southern the negligent driver of the automobile was the employee of the owner. Subsequently, the doctrine *81 has been extended to cover situations which go beyond the master-servant relationship. In Weber v. Porco, 100 So.2d 146 (Fla. 1958), the Supreme Court said:
"Consistently we have announced that this rule of liability rests on an application of the principle of respondeat superior. In other words, as a matter of law the relationship of principal and agent is raised out of the factual situation. When one permits another to operate his automobile under his license, he becomes as a matter of law the principal and the driver becomes his agent for [that] purpose."
The Supreme Court of Florida has not ruled on the applicability of the independent contractor exception to the dangerous instrumentality doctrine in the situation here presented.
In Fry, supra, the District Court of Appeal, Second District, ruled that the owner of an automobile was not liable in an action brought against him by a service station employee for injuries sustained as a result of his being struck by an automobile on the premises of the service station while it was operated by another service station employee. There the court said:
"Indeed, we find nothing in the decisions applying the `dangerous instrumentality doctrine' to justify a holding that where an owner leaves his automobile at a service station for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury."
In Patrick, supra, the defendant-owner's wife took his automobile to Faircloth Buick Company for service, and at her request, an employee drove her home and then returned the automobile to Faircloth. Upon returning, the driver-employee of Faircloth drove the car into the Faircloth Building where the plaintiff was struck by the car. The court there ruled that the owner of the automobile was not liable through the dangerous instrumentality doctrine because the company was an independent contractor and the plaintiff was injured on its premises.
In Petitte v. Welch, 167 So.2d 20 (Fla. 3 DCA 1964), the District Court of Appeal, Third District, in a case similar to Fry, supra, held that the owner of an automobile left in the possession of a service station was not liable when it was negligently driven on the premises of the service station by a third person causing injury to the plaintiff. There, the court pointed out that the dangerous instrumentality doctrine has always been grounded on respondeat superior and in that case the car was not being operated by an agent or servant of the owner but was under the direction and control of the filling station operator.
In Jordan v. Kelson, 299 So.2d 109 (Fla. 4 DCA 1974), cert. den. 308 So.2d 537 (Fla.), the District Court of Appeal, Fourth District, considered a case in which a plaintiff was injured by the alleged negligent operation of an automobile on a public highway by an automobile repair shop employee who was delivering the car to the owner at the owner's request. The court there held that the owner who allows another to operate his vehicle with his knowledge and consent, implied or expressed, is liable for an injury to a third person occurring on a public highway as the result of the operator's negligence. The court stated that this form of vicarious liability is not based on respondeat superior or an agency concept, but on the practical fact that the owner of a dangerous instrumentality should answer for misuse thereof by anyone operating it with his knowledge and consent.
In Dixie Automobile Insurance Corporation v. Mason, 155 So.2d 172 (Fla. 1 DCA 1963), this court, while not confronted with or ruling upon the specific question here before us, in construing the term "insured" in an automobile owner's insurance policy, ruled that an automobile sales agency or repair shop was not included therein stating:
"When the named insured places his automobile in the custody of any person or organization operating an automobile *82 sales agency, repair shop, service station, storage garage or public parking place, the insured has no knowledge as to who will be entrusted with the operation of his automobile while it is in the control of such person or organization."
In examining authority outside of Florida, we find from an Annotation in 35 A.L.R.2d 804 "Liability of owner of motor vehicle for negligence of garageman or mechanic" (1954), and the later case service for that citation, that the majority rule on this question appears to be as follows: where the owner of an automobile is not guilty of direct negligence, he is not liable to a person injured by the negligence of a garageman or mechanic with whom the owner has left the car, regardless of whether or not the injured person is an employee of the independent contractor  provided, the car owner exercised no control over the repair or testing of the car. Liability in such cases is denied because the relationship between the owner and the mechanic is that of an independent contractor and bailee, rather than that of master-servant. Therefore, in most jurisdictions, the vicarious liability of the owner of a dangerous instrumentality is defeated by the negligence of a true independent contractor.
We agree with the majority rule. As this court said in Dixie Automobile Insurance Corporation v. Mason, supra, the owner of a vehicle who places his automobile in the custody of a repair shop for repairs has no knowledge of or control over the operation of the vehicle during that time. In the absence of negligence on the part of the owner, an independent contractor should be solely liable for negligent operation of the automobile during the period in which it has custody and control of it. We find no proper basis for a limitation of this ruling to cases in which the accident occurs on the premises of the independent contractor.
Reversed and remanded with directions to vacate the final judgment as to Harfred and Hartford.
BOYER, C.J., and MILLS, J., concur.