353 So.2d 903 (1977)
William F. FAHEY, Appellant,
v.
Leo Francis RAFTERY, Jr., Metalloy Foundry Company, a Foreign Corporation, and Detroit Automobile Inter-Insurance Exchange, Appellees.
No. 76-2239.
District Court of Appeal of Florida, Fourth District.
December 28, 1977.
*904 Ronald E. Kay, Fort Lauderdale, for appellant.
M. Jerome Elmore and Robert D. McIntosh of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees, Metalloy Foundry Company and Detroit Inter-Insurance Exchange.
LETTS, Judge.
This is an appeal from a summary judgment denying liability under the "Dangerous Instrumentality" doctrine. We affirm.
The appellant is an employee of the valet parking lot concession at the Mai Kai Restaurant in Fort Lauderdale. The appellee is the owner of the automobile given into the charge of a co-employee at the front door thereof. While on the way to park the auto, said co-worker managed to strike and injure his fellow employee who now seeks recompense for his injuries from the owner who permitted his car to be driven away, rather than park it himself.
In Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla. 2 DCA 1963), it was held that an employee of a gas station could not recover from the owner of a car which struck him while being driven by another employee on the premises. Explaining this holding, the court stated:
... we find nothing in the decisions applying the "dangerous instrumentality doctrine" to justify a holding that where an owner leaves his automobile at a service station for repairs or servicing he is liable solely by reason of ownership for the negligent operation thereof by one employee resulting in injury to another employee of the service station, both being engaged in performing duties in connection with servicing or repairing the automobile at the time of the injury. Id. at 646. (Emphasis supplied).
The Florida Supreme Court appeared to agree in rendering its decision in Florida Power and Light Company v. Price, 170 So.2d 293 (Fla. 1964). True, the circumstances presented in Price differed somewhat, but the court analogizing, pointed out that:
An owner of an automobile who entrusts it to his "independent contractor" is not liable as a matter of law to the contractor or to the latter's employee for injuries received by either of them arising from the negligent operation of the automobile by either of them... . Id. at 298.
The appellant argues that when an owner leaves his car for service, he gives no concomitant permission to drive it whereas in the instant case he specifically consented to it being driven, which consent precluded the granting of a summary judgment. We do not accept the distinction. First of all, we take judicial notice of the fact that any car left at a service station, or automobile dealership, will be normally and expectedly driven on or about the premises. Moreover, although not essential to this decision, we recognize that such entrusting of one's car for service or repair, presupposes that it will also be road tested and we are of the opinion that such road testing should not normally result in liability to the owner simply because he is the owner. We recognize that this latter comment on road testing may be thought to conflict with Jordan v. Kelson, 299 So.2d 109 (Fla. 4 DCA 1974). However, in Kelson, the service station operator was gratuitously returning the auto to the owner with the latter's consent and *905 his operation thereof, on the public highway, was no part of the independent service contracted for.
By contrast, the parking of the car in the instant case was indeed the independent service contracted for, nor did this accident occur on the public highway. In conclusion, we can do no better than repeat the language of Patrick v. Faircloth Buick, 185 So.2d 522, 524, (Fla. 2 DCA 1966):
The dangerous instrumentality doctrine as applied to automobiles in Florida has always been grounded exclusively upon respondeat superior. Weber v. Porco, Fla. 1958, 100 So.2d 146. The complaint in the present instance affirmatively shows that the automobile was not being operated by an agent or servant of the defendant, owner, but on the contrary that it was being operated by a person under the direction and control of the (valet parking lot concession). We hold therefore that the complaint failed to state a cause of action against the owner.
AFFIRMED.
ANSTEAD, J., and STEPHEN LEE DAKAN, Associate Judge, concur.