363 So.2d 792 (1978)
Joan Bernard CASTILLO, Petitioner,
v.
L.R. BICKLEY and Colonial Penn Insurance Company, Respondents.
No. 52082.
Supreme Court of Florida.
September 28, 1978.
Ronald W. Vogler of Vogler & Postman, Miami, for petitioner.
James E. Tribble and Bradford Swing, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondents.
ENGLAND, Chief Justice.
In Bickley v. Castillo, 346 So.2d 625, 626 (Fla. 3d DCA 1977), the Third District Court of Appeal held that:
"[T]he owner of a vehicle who places his automobile in the custody of a repair shop for repairs, and has no knowledge of or control over the operation of the vehicle during that time, is not liable to a third person for injuries caused by the negligent operation of said vehicle by the repairman, absent negligence on the part of the owner, notwithstanding the fact that the negligent act occurred on the public highway."[1]
That decision is brought here as being in direct conflict[2] with this Court's decision in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959), and with the decision of the Fourth District Court of Appeal in Jordan v. Kelson, 299 So.2d 109 (Fla. 4th DCA 1974), cert. denied, 308 So.2d 537 (Fla. 1975), both of which announced substantially broader principles of owner liability under the dangerous instrumentality doctrine.
In Susco we said:
"[W]hen control of [an owner's] vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse."[3]
Similarly, the court in Jordan stated that automobile owners are liable for injuries sustained by persons on the public highway as a result of the negligence of anyone operating the car with the owner's knowledge and consent.
Decisions of the district courts since Susco reveal a reluctance to apply the broad *793 rule of owner liability there announced in situations where a master-servant type relationship does not exist  that is, where the permissive user of the owner's vehicle would not be acting under the direction and control of the owner so as to characterize the user as tantamount to an "employee," as opposed to an "independent contractor," of the owner. Recently, the Fourth District Court of Appeal suggested an independent contractor exception to Jordan's seemingly broad owner responsibility rule, noting that the owner in Jordan was held liable for the negligence of a garageman who "was gratuitously returning the auto to the owner with the latter's consent and his operation thereof, on the public highway, was no part of the independent service contracted for." Fahey v. Raftery, 353 So.2d 903, 904-05 (Fla. 4th DCA 1977). The other district courts have similarly limited the broad doctrine announced in Susco. Harfred Auto Imports, Inc. v. Yaxley, 343 So.2d 79 (Fla. 1st DCA 1977); Patrick v. Faircloth Buick Co., 185 So.2d 522 (Fla. 2d DCA 1966), cert. discharged, 198 So.2d 825 (Fla. 1967); Petitte v. Welch, 167 So.2d 20 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 598 (Fla. 1965).
In Harfred, Judge McCord carefully analyzed the state of Florida law on this issue and opted to follow the nationwide majority rule of owner liability only in cases where the doctrine of respondeat superior (the master responds for the acts of the servant) pertains. We approve the reasoning expressed in Harfred insofar as it relates to the applicability of the dangerous instrumentality doctrine in situations involving automotive service agencies,[4] and to this extent we recede from our decision in Susco. (We also approve, as mentioned in Harfred, the elimination of any distinction between accidents on public property and private premises.)
Our decision to pare back the dangerous instrumentality doctrine in service station and repairman situations stems from considerations of both social policy and pragmatism. An automobile owner is generally able to select the persons to whom a vehicle may be entrusted for general use, but he rarely has authority and control over the operation or use of the vehicle when it is turned over to a firm in the business of service and repair. Moreover, an owner often has no acceptable alternative to relinquishing control of his vehicle to a service center, after which he has no ability to ensure the public safety until the vehicle is returned to his dominion. Persons injured by the acts of garage and service repair agencies are not, however, without protection for their losses. They can and in logic should look to the perpetrator of the injury, who frequently is better able to use due care and to insure against the financial risks of injury.
For these reasons, we hold that the owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.
The decision of the Third District Court of Appeal is approved.
It is so ordered.
OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion, with which BOYD, J., concurs.
BOYD, J., dissents with an opinion, with which ADKINS, J., concurs.
ADKINS, Justice, Dissenting.
I dissent. It is quite clear that the principle of respondeat superior and the Dangerous Instrumentality Doctrine are two separate bases of vicarious liability in tort. Susco Car Rental; Nichols v. McGraw, 152 So.2d 486 (Fla. 1st DCA 1963); Ivey v. *794 National Fisheries, Inc., 215 So.2d 74 (Fla. 3d DCA 1968). Confusion of these two separate theories has led to some inconsistent results such as the strict application in the case at bar of an independent contractor exception to the Dangerous Instrumentality Doctrine so as to deny protection to third party members of the general public. The court noticed this problem in Susco Car Rental and resolved it in the following manner:
"Some of the apparent inconsistencies in the cases result from efforts to reason within the confines of inapplicable principles, such as respondeat superior. Confusion can be reduced by recognition that liability under this [dangerous instrumentality] doctrine is imposed independent of other theories of vicarious responsibility in tort law. Where dangerous instrumentalities are utilized then, contrary to ordinary master-servant law, `with practical unanimity the courts hold the master liable for damages caused thereby, even though the servant, who has the sole custody and control thereof, is at the time acting willfully, wantonly, and in disobedience to his master's order ... the public safety demands that he shall be answerable for the exercise of his servant's judgment.'"
The correct reasoning is found in Jordan v. Kelson, 299 So.2d 109 (Fla. 4th DCA 1974), where the court said:
"It is a well established doctrine in Florida that a motor vehicle when operated on a public highway is to be regarded as a dangerous instrumentality. The owner of a motor vehicle who allows another to operate said motor vehicle with the owner's knowledge and consent, implied or express, is liable for an injury to a third person occurring on a public highway as a result of the operator's negligence. This form of vicarious liability is not based on respondeat superior or an agency conception, but on the practical fact that the owner of an instrumentality which had the capability of causing death or destruction should in justice answer for misuse of this instrumentality by anyone operating it with his knowledge and consent. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920)."
The decision of the district court should be quashed.
BOYD, J., concurs.
BOYD, Justice, dissenting.
The majority muddies the state of automobile liability law and its paring back of the broad rule of Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959) may result in more serious injustice than it prevents.
The last sentence of the opinion frees from liability the motor vehicle owner who leaves the vehicle with a serviceman so long as he is not in control or "otherwise negligent." It raises a question of whether an owner is liable when leaving a car with a mechanic when he knows or suspects the repairman is uninsured or is an irresponsible person. The decision prevents innocent third parties from recovering from fully insured owners if the damages are caused by a garage owner or his mechanics. As between a serviceman in control of the injury-causing operation of the vehicle and the vehicle's owner, I agree that the serviceman should be primarily liable. But where the serviceman, for insolvency or lack of insurance, is unable to cover the loss, I think it is better that the owner of the dangerous instrumentality bear the loss rather than the innocent injured party.
In Susco the car had been leased by a car rental agency to a person who agreed that no persons other than himself would be permitted to drive it. In violation of the rental agreement, a third person drove the car and caused the damages. This Court held the owner liable. In this case the owner impliedly consented to the operation of the car by the garage owner and mechanic. Under Susco the owner here must be held liable. I dissent in favor of the certainty and the broad rule of Susco.
ADKINS, J., concurs.
NOTES
[1] A complete statement of facts is set out in the opinion of the district court.
[2] Art. V, § 3(b)(3), Fla. Const.
[3] 112 So.2d at 835-36.
[4] Our decision today does not address other situations in which independent contractors, bailees, or other types of permissive users may be operating an owner's vehicle without express or implied control and direction. See, for example, Demshar v. AAACon Auto Transp., Inc., 337 So.2d 963 (Fla. 1976).