377 So.2d 226 (1979)
JACK LEE BUICK, INC., Appellant,
v.
Wayne BOLTON et al., Appellees.
No. NN-39.
District Court of Appeal of Florida, First District.
November 16, 1979.
*227 Charles C. Sherrill of Sherrill, Moore & Hill, Pensacola, for appellant.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
LARRY G. SMITH, Judge.
Appellant, Jack Lee Buick, Inc. (Jack Lee), appeals a partial summary judgment on the issue of its liability under the dangerous instrumentality doctrine. We find no error and affirm.
Jack Lee, a used car dealership, regularly contracted for the cleaning of its used cars with several local establishments, one of which was U-Wash-M. This cleaning, or "detail" work consisted generally of washing and waxing the car, steam cleaning the engine, painting the engine if needed, and cleaning the interior, glass and wheels. The arrangement between Jack Lee and U-Wash-M was that for a flat unit price, U-Wash-M picked up vehicles from Jack Lee's place of business, transported the vehicle with its personnel to its shop where it was cleaned, and then delivered it back to Jack Lee. This service did not require the operation of the automobile except for the picking up and redelivery to the dealership. During one of these trip, one of Jack Lee's cars, being operated by U-Wash-M's driver, was involved in an accident wherein appellee Wayne Bolton was injured. There is some dispute as to the exact status of U-Wash-M's driver, Kensler, but it appears that he was either an employee of U-Wash-M, or an independent contractor.
The trial judge, upon consideration of the pleadings and affidavits of the parties, denied Jack Lee's motion seeking summary judgment in its favor, and granted appellee Bolton's motion for summary judgment of liability against Jack Lee premised upon the dangerous instrumentality doctrine.
Jack Lee seeks reversal of the summary judgment based upon its contentions that the dangerous instrumentality doctrine does not apply to accidents occurring while the owner's vehicle is solely under the control of an independent contractor, whose operation of the vehicle to and from the owner's premises for the purposes of clean-up or repair is part of the service contracted for by the servicing agency. Jack Lee argues that the Supreme Court of Florida gave its approval to a broad application of the independent contractor exception to the dangerous instrumentality doctrine in Castillo v. Bickley, 363 So.2d 792 (Fla. 1978). Appellee Bolton argues that the exception has only limited application, and is confined to accidents occurring while the vehicle is in the hands of the servicing agency for work-related purposes, as in Castillo and other cases. The trial judge agreed with appellee's interpretation, and we accept this view also.
No useful purpose would be served by cataloging the many cases previously decided on the question of owner liability for injuries occurring during the operation of his automobile by employees of a service or repair establishment. The opinions in Harfred Auto Imports Inc. v. Yaxley, 343 So.2d 79 (Fla. 1st DCA 1977), and Castillo v. Bickley, supra, furnish virtually the entire spectrum of the Florida cases on this subject, so far as is needed for comprehension of the principles governing our decision in this case.
The trial judge in his written order granting appellee's motion for summary judgment pointed out:
"* * * this is a case where it would appear that the use and operation of the vehicle by the servicing agent in this case was a convenience for the defendant and there was an acceptable alternative, to wit: The defendant could use his own method of placing the vehicle in the possession of the cleaning agency and returning it which generally is what happens to people who take their car to garages *228 and leave them, which is what Castillo seems to be pointing to, i.e., a mechanic road test without the owner's knowledge or even having a choice..." (Order on motions for summary judgment).
We do not detect, in the Castillo court's decision to "pare back" the dangerous instrumentality doctrine in service station and repairmen situations, any intention to extend the paring process so as to relieve the owner of liability for accidents while the automobile is simply "going or coming" to or from the owner to the place where the repairs take place. In the Castillo case the accident occurred while the car was being road tested by a mechanic employed by the service station, and the owner was held to be relieved of liability. In the usual situation, the owner can arrange for delivery of the car to the repairman. If he cannot wait for the repairs, he may often need transportation to his place of employment, or back home. But in such instances the operation of the car has nothing to do with the repairing of it, but is purely for the accommodation or convenience of the owner. If he elects to have his automobile used for this purpose, he is the one who so directs and controls its use, and no reason is suggested in any of the cases we have examined why liability under the dangerous instrumentality doctrine should not be applied. In fact, liability was applied under just such circumstances in Jordan v. Kelson, 299 So.2d 109 (Fla. 4th DCA 1974), cert. den. 308 So.2d 537 (Fla. 1975). In contrast, in Fahey v. Raftery, 353 So.2d 903 (Fla. 4th DCA 1977), the Fourth District, in affirming a judgment of no liability in favor of he owner for a valet parking lot accident, pointed out that the parking of the car (during which time the accident occurred), "was indeed the independent service contracted for" (Fahey, page 905).
We think that our view affirming liability against Jack Lee in this instance is consistent with the policy considerations stated in the Castillo opinion. From the standpoint of concern for the safety of the public, it would appear there would be more reason to refrain from extending the rule of nonliability under the circumstances presented in this case, than in the case of an individual simply having his private automobile delivered to him after repairs, as in Jordan v. Kelson, supra. As shown by Jack Lee's affidavit, the volume of these deliveries to the "detail" establishments (between 90 and 100 in six months to U-Wash-M alone) presents a significantly increased risk factor, so far as the public is concerned. Moreover, this operation was a regular and routine part of appellant's business. Appellant had the alternative of doing the work in its own shop; and, in addition, there was not shown to be any necessity for relinquishment of control over these cars while they were being driven over the public streets for the work to be done elsewhere. We fail to note any indication that the Florida Supreme Court in the Castillo or other cases has suggested that liability under the dangerous instrumentality doctrine is to be determined on the basis of whether such liability has simply been "contracted away".
It seems clear from the Castillo opinion that the court has receded from the broad liability imposed upon an owner under the dangerous instrumentality doctrine (as in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959)), only to a limited extent; that is, in the case of accidents while the vehicle is under the control and direction of repair and service agencies during their work related operations. We must therefore reject appellant's contention that the "independent contractor" status of the operator of the vehicle is the determining factor in insulating the owner from liability. See footnote 4, Castillo v. Bickley, supra, citing Demshar v. AAA Con Auto Transp. Inc., 337 So.2d 963 (Fla. 1976). And we further reject appellant's contention that Castillo extended the rule of exception to the "transport" of the vehicle to and from the owner where this operation of the vehicle is unrelated to the purpose for which the vehicle was entrusted to the repair or service agency.
The partial summary judgment of liability is affirmed.
McCORD, Acting C.J., and BOOTH, J., concur.