PER CURIAM.
We affirm the judgment entered by the trial court declaring that the appellant was excluded from coverage under a policy issued by the appellee to its insured, Toyota Auto Sales. Appellant’s claim for coverage under the uninsured motorist section of the policy is that he (concededly, neither an insured nor a designated insured) was a person injured by an uninsured motorist while occupying Toyota’s “insured highway vehicle.” But under the policy, an “insured highway vehicle” is unambiguously defined as a vehicle to which “bodily liability coverage applies.” Because the liability section of the policy, permissibly, see Castillo v. Bickley, 363 So.2d 792 (Fla.1978), excludes independent contractors; and the appellant admittedly occupied the insured vehicle as an agent of a repair garage, an independent contractor, not as an agent of the insured; the appellant was not occupying an “insured highway vehicle,” as defined, and was *1067 not, therefore, entitled to uninsured motorist coverage.
Affirmed.