DANIEL S. PEARSON, Judge.
The issue in this case is whether, as the court below ruled, the shop rule exception to the dangerous instrumentality doctrine recognized in Castillo v. Bickley, 363 So.2d 792 (Fla.1978), relieves the vehicle owner of liability to an injured party where, as here, the injury-causing operation of the vehicle occurred not during the servicing or service-related testing of the vehicle, but rather as a necessary concomitant to the service to be performed.
The facts are not in dispute. Smilowitz, a pedestrian, was struck by a vehicle owned by Russell. At the time of the accident, the vehicle was operated by one Edward Spring, the owner of Seat Cover King, Inc., a car upholstery company, to whom Russell had given the vehicle for the purpose of replacing the convertible top, seat covers and interior carpeting. While the vehicle was in Spring’s custody, a radiator hose in the vehicle broke. Spring drove the vehicle to his friend’s gas station to have the hose repaired. According to Spring, putting the engine into working order was essential to the job he had undertaken:
“... you got to run the engine, because you’ve got to keep putting the top up and down. It runs the battery down, plus the electric seats and stuff.
“So when the time came for us to work on the car, we couldn’t do it without getting the hose fixed. So then I took it over to my friend and he fixed the hose.”
The accident occurred when Spring was returning the vehicle to his shop after the hose repair had been completed.
In Castillo v. Bickley, 363 So.2d 792, the Florida Supreme Court held:
“that the owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of *407 the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.”
Id. at 793.
This exception to vehicle-owner liability has been held applicable to an injury caused when the vehicle is being driven by the repairer to test it, see Bickley v. Castillo, 346 So.2d 625 (Fla. 3d DCA 1977), aff'd, Castillo v. Bickley, 363 So.2d 792; Harfred Auto Imports, Inc. v. Yaxley, 343 So.2d 79 (Fla. 1st DCA 1977); when the vehicle is being driven as a necessary preliminary to servicing it, see Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla. 2d DCA 1963); and when the vehicle has been returned to the premises for servicing after its owner has been driven home, see Patrick v. Faircloth Buick Company, 185 So.2d 522 (Fla. 2d DCA 1966). But where the operation of the vehicle is primarily for the accommodation or convenience of the owner, see, e.g., Jack Lee Buick, Inc. v. Bolton, 377 So.2d 226 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 638 (Fla.1980); Jordan v. Kelson, 299 So.2d 109 (Fla. 4th DCA 1974), cert. denied, 308 So.2d 537 (Fla. 1975), or otherwise totally unrelated to its repair, see, e.g., Lopez v. DeMaria Porche-Audi, 395 So.2d 199 (Fla. 3d DCA 1981), courts have refused to apply the shop rule exception to owner liability.
In the present case, it is clear that Russell exercised no control over the offending vehicle; that at the time of the injury to the appellant, the vehicle was being operated solely in furtherance of its eventual repair; that the operation of the vehicle was not primarily for the accommodation or convenience of the owner; and that the owner was not otherwise negligent. The trial court correctly concluded that, under these circumstances, the defendant Russell was as a matter of law not liable to the plaintiff by virtue of Russell’s ownership of the vehicle. Accordingly, the judgment entered on a directed verdict in favor of Russell is
Affirmed.