524 So.2d 426 (1988)
Gerald G. MICHALEK, Petitioner,
v.
David E. SHUMATE, et Ux., Respondents.
No. 71001.
Supreme Court of Florida.
April 28, 1988.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for petitioner.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for respondents.
SHAW, Justice.
We have for review Michalek v. Shumate, 511 So.2d 377 (Fla. 2d DCA 1987), in *427 which the district court recognized conflict with Jack Lee Buick, Inc. v. Bolton, 377 So.2d 226 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 638 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Ralph's Car Cleaning Service sent an employee to pick up the Shumate's car for cleaning. The employee collided with Michalek while driving the car to the service agency. Michalek sued the Shumates for damages. The trial court entered a final summary judgment for the car owners, and the district court affirmed, relying on Castillo v. Bickley, 363 So.2d 792 (Fla. 1978).
An automobile owner is generally liable for another's negligent misuse of his vehicle under the dangerous instrumentality doctrine. Castillo; Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla. 1959); Weber v. Porco, 100 So.2d 146 (Fla. 1958); Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920); Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917). We recognized, however, in Castillo that
[a]n automobile owner is generally able to select the persons to whom a vehicle may be entrusted for general use, but he rarely has authority and control over the operation or use of the vehicle when it is turned over to a firm in the business of service and repair.
363 So.2d at 793. Accordingly, as a matter of social policy and pragmatism, we created a limited exception to the general rule of liability, holding that
the owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.
Id.
The district court applied Castillo to the instant case involving a cleaning service agency. Michalek urges that we limit Castillo and absolve the owner of liability only when he must relinquish control of his vehicle for necessary repairs. We decline to distinguish between types of service. The owner's dilemma is the same regardless of the service offered. He has no more control over his vehicle's use once delivered for cleaning than he has once delivered for transmission service.
Michalek next argues that Castillo does not apply where, as in the instant case, the accident occurred while a service agency employee was transporting the owner's car to the agency for service. We agree. The Castillo exception applies only to the vehicle's negligent use during servicing, service-related testing, or service-related transport of the vehicle. Accord Jack Lee Buick (Castillo limited to vehicle's negligent use is "under the control and direction of repair and service agencies during their work related operations"). We decline to further extend the exception. An owner who authorizes another to transport his car to a service agency remains in control thereof and ultimately liable for its negligent operation until it is delivered to an agency for service.
Accordingly we disapprove the Second District Court of Appeal decision in Michalek, and remand for further proceedings consistent herewith. We approve the First District Court of Appeal decision in Jack Lee Buick.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.