GOSHORN, Chief Judge.
Barbara and Jerry Fought appeal from the final summary judgment entered by the trial court in favor of Gary Mullen pursu *727 ant to an exception to the dangerous instrumentality doctrine. We affirm.
The material facts in this case are undisputed. Barbara Fought worked for Orange County Auto Auction, Inc. (the Auction), a company that auctions automobiles exclusively for dealers to buy and sell. Barbara worked as a lane leader, a person who organizes and directs the movement of the registered cars in the lane to run through the auction block in the proper order. During her deposition, Barbara testified that she usually had about ten drivers who worked for the Auction under her direction and control. Upon request, the Auction would allow the dealers to drive their own cars through the auction, however, if the dealers elected to drive their own cars, they had to comply with the directions of the Auction's lane leaders.
On the night of the accident, Barbara was about to finish running the cars in her lane when a man, later identified as Gary Mullen, approached her and claimed that his ear had not been run through the auction. After getting permission from the main office, Barbara asked a co-employee to drive the car through the auction. Barbara testified that Mullen did not request to drive the ear through the auction. After Barbara turned away, the co-employee hit Barbara with the car and pinned her against another vehicle. As a result of the accident, Barbara allegedly suffered permanent leg, knee, and back injuries.
Pursuing a theory of vicarious liability under the dangerous instrumentality doctrine, the Foughts filed a complaint against Gary Mullen for the damages caused by the negligent operation of Mullen's car. Mullen moved for summary judgment on the ground that the Foughts’ claims were barred by the automobile service exception to the dangerous instrumentality doctrine. The trial court agreed and entered summary judgment in favor of Mullen, finding that the automobile service exception applies because the injury to Barbara occurred during the service-related transport of Mullen’s vehicle by an Auction employee.
Under the dangerous instrumentality doctrine, the owner of a vehicle is liable for the negligent use of the vehicle by another. Susco Car Rental System of Florida v. Leonard, 112 So.2d 832, 835-36 (Fla.1959). However, an exception occurs in the case of conversion or theft. Id. In Castillo v. Bickley, 363 So.2d 792, 793 (Fla. 1978), the supreme court approved a second exception to the dangerous instrumentality doctrine for situations involving entrustment of vehicles to automobile service agencies. The Castillo court held that:
the owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.
Id. In Michalek v. Shumate, 524 So.2d 426, 427 (Fla.1988), the court declined to distinguish between types of service for application of the automobile service exception and held that the exception applies to cleaning service as well as to transmission service. See also Fahey v. Raftery, 353 So.2d 903, 904 (Fla. 4th DCA 1977) (holding that valet parking is a service that falls within the automobile service exception to the dangerous instrumentality doctrine).
In the instant case, the Foughts contend that Mullen is liable under the dangerous instrumentality doctrine and that the automobile service exception does not apply to provide Mullen with immunity from liability because an automobile auction is not the type of service provided for by the exception. The Foughts do not contend that Mullen was otherwise negligent in this case. On the other hand, Mullen contends that the automobile service exception applies here because he entrusted his car to the Auction at the registration desk for the service of auctioning the car and because the injuries occurred during the service-related transport of the car through the auction by an employee of the Auction.
Following the Florida Supreme Court’s rationale in Michalek, we find no *728 reason to distinguish between types of service when applying the automobile service exception and hold that under the facts in this case the auctioning of an automobile is a service which falls within the exception. In this case, the record shows that after Mullen registered the car, the Auction had exclusive control over the car and that Barbara’s injuries occurred during the service-related transport of Mullen’s car by another Auction employee. Therefore, we hold that the trial court properly entered summary judgment in favor of Mullen. Because our decision is dispositive, we do not address the remaining issues raised by the Foughts.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.