WOLF, Judge.
This is a timely appeal of a final order granting final summary judgment in a negligence action. Appellant asserts that there are genuine issues of material fact precluding the entry of summary judgment for the owner of an automobile based on the “shop rule” exception to the dangerous instrumentality doctrine. We find no disputed issues of material fact, and find appellee entitled to a summary judgment as a matter of law.
This case involves an automobile accident in which appellant, John Cofty, was rear-ended by appellee Nevins Smith’s vehicle which was driven by Timothy Meade. Cofty filed a complaint against Smith and Meade alleging that Smith’s vehicle was a dangerous instrumentality and that Meade negligently drove Smith’s vehicle. Smith filed an answer and affirmative defenses, claiming Meade had custody of the ear because he was a repairman making repairs, and as such, ' Smith was insulated from liability under the dangerous instrumentality doctrine “shop rule” exception. Subsequently, Smith filed an affidavit of Meade, which stated as follows:
2. On or about September 23, 1993, I took possession of Mr. Smith’s van for purposes of maintenance and repair. I picked the vehicle up at Mr. Smith’s residence.
3. While test-driving said vehicle, I slid' into the rear-end of the vehicle Mr. Cofty was occupying. This occurred on South Monroe Street, in Tallahassee, Florida on September 24,1993.
4. I had done repairs and maintenance work on Mr. Smith’s vehicles before and he has paid me for said repairs.
5. Mr. Smith did not have any actual control of the use of the van while I had possession of the vehicle, but it was understood that I would use the van for purposes of repairing it. The use of the van was not for personal usage.
A deposition and transcripts of the hearings also reveal the nature of Meade’s business.
At the hearing on the summary judgment motion, appellant argued that even though there were no disputed facts, the issue of whether the car was given to Meade for “legitimate business context” under the “shop rule” exception should be left for trial. Appellant argued that the “shop rule” exception only applied to businesses and not to individuals. The trial court rejected this argument and granted summary judgment in favor of Smith. We agree with the trial court’s decision.
Under the “dangerous instrumentality doctrine,” an automobile owner is gen *730 erally liable for another’s negligent misuse of his automobile. Michalek v. Shumate, 524 So.2d 426 (Fla.1988). In Castillo v. Bickley, 363 So.2d 792 (Fla.1978), the supreme court carved out an exception to the dangerous instrumentality doctrine. The court explained as follows:
Our decision to pare back the dangerous instrumentality doctrine in service station and repairman situations stems from considerations of both social policy and pragmatism. An automobile owner is generally able to select the persons to whom a vehicle may be entrusted for general use, but he rarely has authority and control over the operation or use of the vehicle when it is turned over to a firm in the business of service and repair....
For these reasons, we hold that the owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.
Id. at 793. See also Michalek, supra (extending “shop rule” exception to detail shop; reasoning owner has no more control over vehicle’s use once delivered for cleaning than when delivered for transmission service); Harfred Auto Imports, Inc. v. Yaxley, 343 So.2d 79 (Fla.1977) (holding “shop rule” exception applied where repairman was test-driving vehicle); but compare, Jack Lee Buick, Inc. v. Bolton, 377 So.2d 226 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 638 (Fla.1980) (affirming liability of car dealership under dangerous instrumentality doctrine for accident involving car owned by dealership, but driven by independent contractor who cleaned cars; court found dealership did not relinquish control over vehicle).
Appellant argues that the “shop rule” exception announced in Castillo only shields an automobile owner from liability if the car was left with an actual business or garage; it does not come into effect when the car is left with a private citizen who fixes cars on the side. This issue has not been addressed in the context of liability under the dangerous instrumentality doctrine. The fifth district, however, recently addressed the issue of insurance coverage which excluded accidents arising from the operation of a “repair shop” in Paige v. Nationwide Mut. Ins. Co., 678 So.2d 473 (Fla. 5th DCA 1996). In Paige, a car owner had left his car to be repaired by Gossom. While Gossom moved the ear to a shaded area, he was involved in an accident. The insurance company denied coverage because of a clause in the owner’s policy which excluded coverage for
Any person for any occurrence arising out of the operation of an auto:
(a) repair shop;
(b) public garage or parking place;
(c) sales agency; or
(d) service station.
Id. at 474. The issue faced by the fifth district was whether Gossom was operating a “repair shop” at the time of the accident. Relying on case law on the “shop rule” exception announced in Castillo, the court held that the determinative factors were,
(1) the type of work being done;
(2) the qualifications of the person doing the work; and
(3) the frequency of the work.
Id. at 475. The court concluded that Gos-som, who was not working out of a garage or building and was considered an itinerant mechanic, was operating a repair shop. It noted that Gossom at one time owned a service station, regularly worked as a mechanic and stored his tools in a shed at the place where he repaired motor vehicles.
In the instant case, the facts are uncontra-dicted. Meade had repaired Smith’s vehicle for money prior to the accident. Meade worked at a Goodyear tire shop during the day and fixed cars at night and on weekends either at his home, the owner’s home, or the Goodyear garage. He was test driving the vehicle when the accident occurred. Applying the factors announced in Paige, Meade would qualify as a repairman under the “shop rule”. Although appellant argues Paige does not apply because it involves contractual interpretation, the Paige court specifically relied on the language of Castillo *731 and other shop rule” cases. The trial court could rule as a matter of law whether, under the undisputed facts, the “shop rule” exception applied. The record supports summary judgement based on this exception.
Affirmed.
BOOTH and PADOVANO, JJ., concur.