714 So.2d 1206 (1998)
Ryan S. DOOLEY, Appellant,
v.
Carrie T. HARRIS, Appellee.
No. 97-3542.
District Court of Appeal of Florida, Fifth District.
August 7, 1998.
Kristine R. Kutz of Killgore Pearlman, Orlando, for Appellant.
*1207 Andrew P. Rock of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee.
W. SHARP, Judge.
Ryan Dooley appeals from a final summary judgment in favor of Carrie Harris in his personal injury action. Dooley was injured when he was struck by a vehicle owned by Harris. At the time of the accident, the car was being driven by Terri Barner, who had taken the vehicle from Harris without permission. Dooley contends that there are genuine issues of material fact as to whether Barner had implied consent to take the vehicle or whether her theft of the vehicle was reasonably foreseeable. We disagree and affirm the judgment below.
The dangerous instrumentality doctrine imposes vicarious liability upon the owner of a motor vehicle who gives express or implied consent to another to operate that motor vehicle. Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993); Fought v. Mullen, 609 So.2d 726 (Fla. 5th DCA 1992). Limited exceptions to this doctrine have been recognized. For example, a breach of custody amounting to a species of conversion or theft will relieve the owner of responsibility for the negligence of one to whom the owner has granted consent to operate the vehicle. Hertz; Fought. However, if a theft is reasonably foreseeable, then the owner will not be relieved of liability. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977).
There is no evidence here from which a jury could reasonably find implied consent by Harris to Barner, or that Barner's theft of the vehicle was reasonably foreseeable. Harris and Barner were acquaintances. Harris allowed Barner to stay in her home a few days after Barner had been released from jail on a probation violation for a DUI conviction. Barner was waiting for her mother to send a ticket for her to return to Pennsylvania. Barner had no driver's license. If she needed to go anywhere, Harris or someone else would drive her. Barner never used anyone's car.
Before leaving her home for a few days, Harris told Barner that if she needed to go anywhere, Harris' son would drive her. Harris left her car locked in a closed garage. She believed that she left her car keys in her jewelry box. Upon her return after the accident, the keys were gone, as were her watch and gold bracelet. When she discovered that the car was missing, Harris filed charges against Barner with the police department. Harris stated that she did not give Barner permission to use her vehicle at any time and had left the vehicle locked at her home.
We agree that the trial court properly entered summary judgment in Harris' favor. See Duarte v. Wetzel, 682 So.2d 1200 (Fla. 4th DCA 1996) (where person operates the vehicle without the express consent of the owner and contrary to specific instructions of the owner, there is no implied consent); Pearson v. St. Paul Fire and Marine Ins. Co., Inc., 187 So.2d 343 (Fla. 1st DCA 1966) (driver who entered the bedroom of sleeping sister and her husband, and took the keys to the husband's company automobile to drive on a personal errand, did not have implied consent to operate the vehicle); Hankerson v. Wilcox, 173 So.2d 747 (Fla. 3d DCA 1965) (company was not liable for accident where employee took employer's truck without permission and was later involved in an accident).
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.