553 So.2d 352 (1989)
Ernani GRILLI and Giorgina Grilli, Appellants,
v.
LE-BO PROPERTIES CORPORATION D/B/a Le-Bo Auto Brokers, Appellee.
No. 89-01178.
District Court of Appeal of Florida, Second District.
December 6, 1989.
J. Jeffrey Dalrymple Associates, Bruce L. Scheiner, P.A., Ft. Myers and Diane H. Tutt, Ft. Lauderdale, for appellants.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
PARKER, Judge.
Appellants, Ernani Grilli and Giorgina Grilli, appeal a final summary judgment entered against them and in favor of Le-Bo Properties Corporation d/b/a Le-Bo Auto Brokers. We reverse.
Mr. Grilli sued Le-Bo and James Lowe[*], the respective owner and driver of a motor vehicle which collided with the vehicle that Mr. Grilli was driving, for damages resulting from an accident. Mrs. Grilli's claim is derivative of her husband's claim. The Grillis' theory of liability against Le-Bo is grounded upon the dangerous instrumentality doctrine.
Le-Bo moved for summary judgment on the basis that the motor vehicle involved in the accident was operated without its consent and knowledge and that Lowe was not under the control, direction, or employment of Le-Bo but instead was an employee of a third party who was not a party to the lawsuit. In support of its motion for summary judgment, Le-Bo submitted the affidavit of Ralph Neal, the vice president of Le-Bo, wherein he stated the following: Le-Bo engages in the sale and resale of automobiles; on the date of the accident, Charlie's Auto Simonizing and Detailing picked up the subject vehicle for servicing and cleaning; after delivery of the automobile to Charlie's, Neal no longer maintained any control over the motor vehicle and was unaware of its operation or by whom it was being operated at the time of the accident; Neal had never employed Lowe; and Neal did not give his consent or permission for Lowe to drive the motor vehicle.
In response to the motion for summary judgment, the Grillis filed the affidavit and deposition of Patricia Scimeca, the owner *353 of Charlie's. Scimeca's affidavit and deposition provided the following information. Charlie's provided a complete cleaning service for cars and did work for Le-Bo since around 1985. According to their arrangement, when Le-Bo needed to have a car cleaned, one of Le-Bo's principals would call Charlie's and advise Scimeca of this and would request that she pick up the vehicle from Le-Bo. Scimeca would go to Le-Bo's premises with an employee of Charlie's so that the employee could drive the Le-Bo vehicle back to Charlie's. After the vehicle was cleaned, Scimeca would call Le-Bo to see if it had any more cars to be cleaned. If Le-Bo had another car to be cleaned, Scimeca would return the first car herself and bring the next car to be cleaned back to Charlie's with her. If there were no other cars to be cleaned that day, she would have a Charlie's employee drive the Le-Bo vehicle back to Le-Bo, and she would follow with her car. On March 12, 1987, Lowe, driving a Le-Bo-owned vehicle back to Le-Bo's with Scimeca following, collided with the car which Mr. Grilli was driving. At the time of the accident, Charlie's had completed all of the work on the Le-Bo car.
This case is controlled by the supreme court's decision in Michalek v. Shumate, 524 So.2d 426 (Fla. 1988). The supreme court noted that although an automobile owner generally is liable for another's negligent misuse of the owner's vehicle under the dangerous instrumentality doctrine, a limited exception to the general rule of liability is found in Castillo v. Bickley, 363 So.2d 792 (Fla. 1978). That exception holds:
[T]he owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.
Castillo, 363 So.2d at 793. In Michalek, however, the supreme court refused to extend the exception beyond the vehicle's negligent use during servicing, service-related testing, or service-related transport of the vehicle. The court noted: "An owner who authorizes another to transport his car to a service agency remains in control thereof and ultimately liable for its negligent operation until it is delivered to an agency for service." Michalek, 524 So.2d at 427.
The only distinction between this case and Michalek is that Lowe was returning the vehicle to the owner at the time of the accident where in Michalek, the cleaning service's employee was delivering the vehicle to the cleaning service when the accident occurred. We, therefore, find that the trial court erred when holding as a matter of law that Le-Bo was not liable for the Grillis' damages. Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, C.J., and PATTERSON, J., concur.
NOTES
[*] Lowe is not a party to this appeal.