PER CURIAM.
Joao Manuel Baptista appeals a summary judgment entered in favor of Enterprise Leasing Company (“Enterprise”). We affirm.
On March 16, 1996, Baptista was driving his motorcycle on A-l-A when he was involved in an accident with a 1995 Nissan driven by a valet parking attendant. This Nissan was owned by Enterprise and was rented to a German tourist who had turned it over to the valet parking attendant at a Miami Beach Resort Hotel. Baptista sued and named the parking attendant, the company that employed the parking attendant, the hotel, and the owner of the vehicle (Enterprise) as defendants responsible for his damages. Enterprise moved for summary judgment based on the argument that the owner of the car could not be held vicariously liable for the actions of a valet parking attendant. The trial court ruled in favor of Enterprise.
“An automobile owner is generally liable for another’s negligent misuse of his vehicle under the dangerous instrumentality doctrine.” Michalek v. Shumate, 524 So.2d 426, 427 (Fla.1988). However, that doctrine does not apply when the owner has relinquished control of the vehicle to an independent contractor, such as a valet parking serviceman who provides valet parking services for the vehicle. See Fahey v. Raftery, 353 So.2d 903, 904 (Fla. 4th DCA 1977). “[T]he owner of a motor vehicle is not liable for injuries caused by the negligence of the repairman or serviceman with whom the vehicle has been left, so long as the owner does not exercise control over the injury-causing operation of the vehicle during the servicing, service-related testing, or transport of the vehicle, and is not otherwise negligent.” Michalek, 524 So.2d at 427. Valet parking services are included within the automobile service exception to the dangerous instrumentality doctrine because once the automobile owner relinquishes control for automobile-related services then “[t]he owner’s dilemma is the same regardless of the service offered.” .See id.
Once control of the vehicle was relinquished to the valet parking attendant, Enterprise was not liable for acts of negligence committed by the attendant providing these automobile-related services. Accordingly, we hold that valet parking services are included within the limited automobile services exception to the dangerous instrumentality doctrine.
Affirmed.