PER CURIAM.
Plaintiff, Aircraft Logistics, Inc., appeals a final summary judgment in its negligence action against H.E. Sutton Forwarding Company, LLC. Finding no error in the trial court’s conclusion that H.E. Sutton owed Aircraft no duty as a matter of law, we affirm the summary judgment.
Aircraft owned a single engine Piper Saratoga plane based at Miami Executive Airport in Opa-Locka, Florida.[1] H.E. Sutton owned a portable cattle loading ramp. In consideration for the sums H.E. Sutton spent at the airport on fuel and maintenance for the ramp, the airport housed the ramp for Sutton. It is undisputed that the ramp was in the airport’s exclusive care, custody and control and was used by the airport to load and unload horses from planes.
In 2006, Aircraft’s plane was tied down at the airport. In May, 2006, on the day of the incident giving rise to the lawsuit, the weather forecast was for showers. However, at one point a sudden thunderstorm erupted causing micro-bursts of wind of over sixty miles per hour. There were no storm warnings in effect at the time. The winds were of such intensity that a hangar roof was torn off, and a Boeing 737 jumbo jet and a fully loaded G4 jet were spun around (over 180 degrees). The gusts lifted the ramp into Aircraft’s plane. The plane was a total loss.
Aircraft initially sued H.E. Sutton for negligence to recover the value of the plane. Aircraft asserted that H.E. Sutton had failed to properly secure the ramp, resulting in the damages to Aircraft’s plane. H.E. Sutton asserted that the ramp was in the airport’s sole care, custody or control at the time of the incident. Aircraft then amended its complaint to *311 include the airport as a defendant and asserted that the ramp was in the airport’s control. Aircraft settled with the airport, and a stipulated dismissal with prejudice was entered below.
In its answers to interrogatories, H.E. Sutton stated that there were means of securing the ramp under normal conditions, but that there was no way to secure the ramp under the conditions that day. H.E. Sutton filed a summary judgment motion arguing that Aircraft had not established Sutton owed it any duty, and that the damages were the result of an Act of God. Aircraft responded asserting that no damages would have resulted had the ramp been properly secured, regardless of the weather conditions. The trial court granted H.E. Sutton’s motion, concluding that H.E. Sutton owed Aircraft no duty. Aircraft appeals.
The trial court properly found, as a matter of law, that H.E. Sutton owed Aircraft no duty under the facts of this case. “[DJuty exists as a matter of law and is not a factual question for the jury to decide.” McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992). McCain is the seminal case on the analysis of foreseeability in determining the existence of a legal duty as an element of negligence. See Aguila v. Hilton, Inc., 878 So.2d 392, 395 (Fla. 1st DCA 2004). Since McCain, other courts have also held that foreseeability as it relates to duty is a question of law. Williams v. Davis, 974 So.2d 1052, 1056 n. 2 (Fla.2007); Fla. Dept. of Corrections v. Abril, 969 So.2d 201, 205 (Fla. 2007); Goldberg v. Fla. Power & Light Co., 899 So.2d 1105, 1110 (Fla.2005); Whitt v. Silverman, 788 So.2d 210, 217 (Fla.2001); Siegel v. Husak, 943 So.2d 209, 214 (Fla. 3d DCA 2006); Paszamant v. Retirement Accounts, Inc., 776 So.2d 1049, 1053 (Fla. 5th DCA 2001). On this basis, the trial court properly considered the question on summary judgment.
McCain explained that “[t]he duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader ‘zone of risk’ that poses a general threat of harm to others.” McCain, 593 So.2d at 502. McCain implies that “the defendant must be in a position to control the risk.” Aguila, 878 So.2d at 392. Nothing in this record, in which the material facts are undisputed, demonstrates that H.E. Sutton was in a position to control the risk, or that its conduct created a broader zone of risk toward Aircraft’s property.
There was an agreement between the airport and H.E. Sutton that the airport would use the ramp and house it, alleviating H.E. Sutton of the burden of constantly transporting the ramp. On the day of the storm, H.E. Sutton had not been to the airport in over a month. The airport was using the ramp. The ramp was in the airport’s sole care, custody and control.
Additionally, nothing was advanced to refute H.E. Sutton’s assertion that under the conditions that day the ramp could not have been secured so as to avoid damage. The fact that harm may occur does not automatically create a legal duty. Aguila, 878 So.2d at 396.
Even ship owners are not subject to automatic liability if their vessels collide with other ships or structures. The issue in Burklow & Associates, Inc. v. Belcher, 719 So.2d 31 (Fla. 1st DCA 1998), was whether a boat owner had a duty to remove a boat from a dock in the period prior to issuance of a hurricane watch or warning — in the face of an anticipated, forecast storm — to avoid damage to other property. The court found no such duty imposed by statute or caselaw. Id. at 36.
*312 There is simply no basis in law for imposing a duty to secure property on the owner of the property in the absence of some anticipated need for doing so. Moreover, where (as here) the property owner relinquished control of the property to an independent entity, the property owner cannot be said to have a duty to secure that property. Even in the context of a dangerous instrumentality, which the ramp is not, courts have crafted an exception to liability when the vehicle is not in the owner’s control. Once the owner relinquishes control to an independent contractor, such as a valet parking attendant or a repair person, the owner is not liable for possible negligent misuse of the vehicle. Castillo v. Bickley, 363 So.2d 792 (Fla. 1978); Baptista v. Enter. Leasing Co., 707 So.2d 397 (Fla. 3d DCA 1998); Fahey v. Raftery, 353 So.2d 903 (Fla. 4th DCA 1977). Such a relinquishment of control occurred here.
Finding no basis to reverse the court conclusion that no duty was owed as a matter of law, the summary judgment is affirmed.
Affirmed.

. The airport is operated by Miami Executive Airport, Inc., a co-defendant below.